Jack P. DiCanio (SBN 138782)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Jack.DiCanio@skadden.com

Steven C. Sunshine (*pro hac vice* pending)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile (202) 393-5760
Email: steven.sunshine@skadden.com

*Attorneys for Defendant*
VISA INC.

[Additional counsel listed on signature page]

Jonathan M. Jacobson, SBN 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

Justina K. Sessions, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

Scott A. Sher, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: ssher@wsgr.com

*Attorneys for Defendant*
PLAID INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br><br>         v.<br><br>VISA INC. and PLAID INC.,<br><br>                    Defendants. | CASE NO.: 4:20-cv-7810-JSW<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE** |

Pursuant to Civil Local Rule 7-11, Visa Inc. and Plaid Inc. ("Defendants") respectfully request that the Court convene a case management conference at the earliest possible opportunity to address scheduling and other case management issues. The Antitrust Division of the United States Department of Justice ("DOJ") is seeking to block Visa's time-critical acquisition of Plaid, a deal that was signed up in January 2020, and that DOJ has been investigating for ten months. The DOJ concedes that Plaid *is not a competitor* of Visa (*see* Dkt. 1 ¶ 8), and so DOJ is challenging the acquisition under Section 7 of the Clayton Act under the "actual potential competition" theory. Knowing that the government lost the only actual potential competition case to be tried in nearly 40 years, DOJ is trying to fashion a novel claim that the acquisition itself is an act of wrongful monopolization under Section 2 of the Sherman Act, a theory that to Defendants' knowledge has not been litigated since the passage of Section 7 of the Clayton Act in 1950.

Merger challenges move at a substantially faster pace to a bench trial than traditional federal civil litigation, *see, e.g.*, 15 U.S.C. § 25 (providing that in an injunctive action under Section 7 of the Clayton Act, "the court shall proceed, as soon as may be, to the hearing and determination of the case"), because the intervening time pending a court decision can cause significant disruption and financial uncertainty for the companies. The clerk has set an initial case management conference for March 26, 2021. (Dkt. 41.) Defendants, however, seek to have a case management conference as soon as possible so that the Court may set a case schedule and reasonable parameters for discovery consistent with past merger litigation timelines. Defendants requested that DOJ join a motion for an expedited case management conference, but DOJ stated that it believed a case management conference is premature.

The parties have vastly different views regarding the time needed to prepare for trial in this matter. Consistent with the traditional expedited schedule followed in other merger challenges, Defendants have proposed a February 23, 2021 trial date. DOJ, on the other hand, seeks to delay the trial. In fact, during the parties' meet and confer on schedule, DOJ proposed a trial date at the end of July 2021, and days later proffered the later date of September 7, 2021. DOJ argues that its challenge requires more time than the typical merger litigation because it chose to add a novel monopolization claim to its Clayton Act challenge. But *the only relief sought is for the merger to*

1

*be enjoined*. Nothing justifies treating this case any differently from any other merger challenge. Both of DOJ's claims challenge the very same conduct—the proposed acquisition—in the same putative relevant market and thus there is no basis for extending the expedited schedule typically adopted for merger challenges. It is apparent that DOJ's strategy in this action is to delay the trial as long as possible in the hopes that Defendants will simply abandon the transaction owing to the enormous pressure that time delays put on parties to substantial transactions. Accordingly, Defendants request that the Court promptly set a case management conference to address these scheduling and case management issues.

## BACKGROUND

On November 5, 2020, DOJ filed this action challenging Visa's proposed acquisition of Plaid. (Dkt. 1.) The complaint admits that Visa and Plaid do not currently compete. (*Id.* ¶ 8.) Instead, DOJ asserts that the acquisition would eliminate a *potential* competitive threat in a purported market for online debit transactions, in alleged violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 2 of the Sherman Act, 15 U.S.C. § 2. (*Id.* ¶ 73.)

Consistent with the expedited litigation schedule typically adopted for merger challenges, Defendants promptly contacted DOJ and provided a draft protective order for its consideration on November 6, 2020. (Declaration of Steven C. Sunshine in Support of Defendants' Administrative Motion for an Expedited Case Management Conference ("Sunshine Decl."), Ex. A.) Defendants requested that DOJ begin the process necessary for production of its investigative file since immediate access to the file is essential for Defendants to prepare their defense, especially given that DOJ's investigation lasted ten months, and because to Defendants' knowledge turnover of the investigative file always occurs early in government merger cases, typically as soon as a protective order is entered and the standard notice provisions are given to third parties. Specifically, Defendants requested that DOJ immediately provide notice to and seek permission from third parties to make information they provided to DOJ in the course of its investigation available to Defendants. Defendants agreed to treat all such third-party materials as confidential and limit access to outside counsel only until the Court has an opportunity to enter a protective order. (*Id.*)

On November 10, 2020, the parties participated in a meet and confer to discuss a proposed

case schedule, the protective order and the production of DOJ's investigative file, as memorialized in Defendants' November 11, 2020 letter. (Sunshine Decl., Ex. B.). Defendants proposed that the case proceed to trial in late February 2021, while DOJ indicated that it believed a trial date in late July 2021 was more appropriate. Defendants asked DOJ to immediately notify third parties that their materials would be disclosed to ensure that the merger investigative file could be provided to Defendants as soon as possible, and noted that nothing prevented DOJ from doing so. DOJ refused, stating that it would not notify third parties until a protective order has been entered, and would produce the investigative file before entry of a protective order only if Defendants agreed to trade that production with an agreement by Visa to produce materials withheld under a claim of privilege during the investigation. (*Id.*)

On November 13, 2020, DOJ responded to Defendants' November 11 letter, abandoning its prior position that a trial should begin in late July 2021, and instead proposing an even later trial start date of September 7, 2021. (Sunshine Decl., Ex. C.) DOJ asserted that its extended schedule was justified based on its inclusion of both Section 2 and Section 7 claims in the complaint as well as the COVID pandemic and the possibility that an in-person trial might be feasible by late 2021. DOJ continued to refuse to contact third parties to seek consent to disclose their information to Defendants' outside counsel until a protective order is entered, and continued to condition the production of its investigative file on Visa's production of privileged documents. (*Id*.)[1]

On November 15, 2020, Defendants notified DOJ of their intention to move for an early case management conference and asked DOJ to join (Sunshine Decl., Ex. D), but DOJ stated that it believed a case management conference is premature (Sunshine Decl., Ex. E).

## ARGUMENT

It is well established that merger challenges are tried on expedited litigation schedules. 15 U.S.C. § 25; *see also United States v. US Airways Grp.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013) ("Indeed, because of the need for the prompt resolution of this matter, the Court has set an

---

[1] DOJ stated that its file contains a substantial volume of documents—"100G," which we assume to mean 100 gigabytes or 100,000 documents—from third parties. (Sunshine Decl., Ex. C.)

expedited discovery and trial schedule."); *United States v. H & R Block, Inc.*, 833 F. Supp. 2d 36, 44 (D.D.C. 2011) ("[T]he Court entered a scheduling order in this case that provided for an expedited schedule of fact and expert discovery and briefing on the government's anticipated motion to enjoin the transaction.")  Defendants thus proposed a trial start date of February 23, 2021, which is consistent with the time to trial of other recent DOJ merger challenges. *See, e.g.*, *United States v. AT&T, Inc.*, No. 17-cv-02511-RJL (D.D.C. 2017) (122 days from complaint to trial); *United States v. Anthem, Inc.*, No. 16-cv-01493 (ABJ) (D.D.C. 2017) (123 days from complaint to trial).  Indeed, a February 2021 trial date is particularly appropriate here given the lengthy investigation and extensive discovery that the government already has taken from Defendants and third parties.  Nothing about this case justifies a departure from the typical expedited schedule applicable to merger challenges, and DOJ's delay is harming Defendants and the marketplace.

*First*, nothing about DOJ's Clayton Act theory compels an extended schedule.  Notably, the Supreme Court has left undecided whether "actual potential competition," DOJ's theory here, is even valid under Section 7.  *United States v. Marine Bancorporation, Inc.*, 418 U.S. 602, 639 (1974); *United States v. Falstaff Brewing Corp.*, 410 U.S. 526, 537 (1973).  Even those courts that have assumed the validity of the doctrine have largely rejected such claims because plaintiffs are simply unable to prove that there is a reasonable probability that the purported potential competitor actually would have entered the market and that others were not equally capable of entering the market.  *See, e.g.*, *FTC v. Steris Corp.*, 133 F. Supp. 3d 962, 966, 978 (N.D. Ohio 2015) (outlining elements of actual potential competition claim while assuming, without deciding, validity of such a claim); *United States v. Black & Decker Mfg. Co.*, 430 F. Supp. 729, 771-72 (D. Md. 1976) (holding government failed to show the absence of other equally-qualified potential entrants).

*Second*, facing perhaps insurmountable obstacles in making a potential competition case, the DOJ added the entirely novel Section 2 monopoly claim.  This tactical choice to invoke Section 2 does not justify an extended schedule because DOJ's Section 2 claim challenges the very same conduct.  *See Brown Shoe Co. v. United States,* 370 U.S. 294, 318 & n.33 (1962) (explaining that Section 2 does not reach as far as Clayton Act Section 7).  Even accepting, *arguendo*, DOJ's

gerrymandered relevant market for "online debit transactions," DOJ's overreach is shown by the implausibility of the assertion that Visa possesses monopoly power in the face of competition from Mastercard.  Visa is no more a monopolist than is Coca-Cola with competition from Pepsi.

The DOJ's strategy of delaying resolution of this matter on the merits is further evidenced by its refusal to even begin the process necessary to provide Defendants with its investigative file. DOJ consistently provides its investigative record to defendants early in merger litigations. Defendants need access to these materials to assess DOJ's claims and prepare their defense, and they will remain at an unfair disadvantage until the materials are produced.  And the burden on DOJ to produce its investigative file is, at most, *de minimis*.  DOJ's refusal to take the limited step of promptly providing notice to third parties has no purpose other than to delay these proceedings. Moreover, DOJ's attempt to condition handover of the investigative file—to which Defendants are entitled, and a routine early step in merger challenges—upon Visa's agreement to waive its privilege claims through the production of documents that Visa withheld during the investigation on the basis of attorney-client privilege and work product protections is improper.

Critically, DOJ's delay is causing harm to both Defendants and the marketplace. Defendants' businesses are harmed by the uncertainty hanging over the transaction—which is threatening the loss of employees and customer contracts—and the inability to realize the merger's synergies and efficiencies.  In addition, the marketplace is being deprived of the procompetitive benefits of this merger.  DOJ's proposed schedule is untenable, delaying resolution of this matter until *nearly two years* after the parties announced the transaction in January 2020.[2]

Accordingly, Defendants respectfully request that the Court convene a case management conference at the earliest possible date to address scheduling and other case management issues.

---

[2] DOJ's contention that a September 2021 trial is necessary due to COVID is misplaced.  While Defendants are cognizant of the unusual circumstances caused by the pandemic, DOJ's speculation regarding when an in-person trial could occur does not justify delaying resolution of this matter.

1  DATED: November 17, 2020

2  By: */s/ Jack P. DiCanio*　　　　　　　　By: */s/ Jonathan M. Jacobsen*
      Jack P. DiCanio　　　　　　　　　　　　　JONATHAN M. JACOBSON
3     *Attorney for Defendant*　　　　　　　　*Attorney for Defendant*
      VISA INC.　　　　　　　　　　　　　　　PLAID INC.

Jack P. DiCanio (SBN 138782)　　　　　　Jonathan M. Jacobson, SBN 1350495
SKADDEN, ARPS, SLATE,　　　　　　　　WILSON SONSINI GOODRICH & ROSATI
   MEAGHER & FLOM LLP　　　　　　　　Professional Corporation
525 University Avenue, Suite 1400　　　　　1301 Avenue of the Americas, 40th Floor
Palo Alto, California 94301　　　　　　　　New York, New York 10019
Telephone: (650) 470-4500　　　　　　　　Telephone: (212) 497-7758
Facsimile: (650) 470-4570　　　　　　　　Facsimile: (212) 999-5899
Email: Jack.DiCanio@skadden.com　　　　 Email: jjacobson@wsgr.com

Steven C. Sunshine (*pro hac vice* pending)　Justina K. Sessions, SBN 270914
Tara Reinhart (*pro hac vice* pending)　　　Benjamin S. Labow, SBN 229443
Julia York (*pro hac vice* pending)　　　　　WILSON SONSINI GOODRICH & ROSATI
Joseph Ciani-Dausch (*pro hac vice* pending)　Professional Corporation
SKADDEN, ARPS, SLATE,　　　　　　　　One Market Plaza, Spear Tower, Suite 3300
   MEAGHER & FLOM LLP　　　　　　　　San Francisco, California 94105
1440 New York, N.W.　　　　　　　　　　Telephone: (415) 947-2000
Washington, D.C. 20005　　　　　　　　　Facsimile: (415) 947-2099
Telephone: (202) 371-7000　　　　　　　　Email: jsessions@wsgr.com
Facsimile (202) 393-5760　　　　　　　　 Email: blabow@wsgr.com
Email: steven.sunshine@skadden.com
Email: tara.reinhart@skadden.com　　　　　Scott A. Sher, SBN 190053
Email: julia.york@skadden.com　　　　　　Michelle Yost Hale (*pro hac vice pending*)
Email: joseph.ciani-dausch@skadden.com　　Robin S. Crauthers (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　Katie R. Glynn, SBN 300524
Karen Lent (*pro hac vice* pending)　　　　　WILSON SONSINI GOODRICH & ROSATI
SKADDEN, ARPS, SLATE,　　　　　　　　Professional Corporation
   MEAGHER & FLOM LLP　　　　　　　　1700 K Street NW, Fifth Floor
One Manhattan West　　　　　　　　　　　Washington, DC 20006
New York, New York 10001　　　　　　　Telephone: (202) 973-8800
Telephone: (213) 735-3000　　　　　　　　Facsimile: (202) 973-8899
Facsimile: (213) 735-2000　　　　　　　　Email: ssher@wsgr.com
Email: karen.lent@skadden.com　　　　　　Email: mhale@wsgr.com
　　　　　　　　　　　　　　　　　　　　Email: rcrauthers@wsgr.com
　　　　　　　　　　　　　　　　　　　　Email: kglynn@wsgr.com


|   |   |
|---|---|
| 1 | **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)** |
| 2 | I, Jack P. DiCanio, am the ECF user whose identification and password are being used to file |
| 3 | Defendants' Administrative Motion for an Expedited Case Management Conference.  In compliance |
| 4 | with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing. |
| 5 | /s/ *Jack P. DiCanio* |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |