Jack P. DiCanio (SBN 138782)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Jack.DiCanio@skadden.com

Steven C. Sunshine (*pro hac vice* pending)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com

*Attorneys for Defendant*
VISA INC.

Jonathan M. Jacobson, SBN 1350495
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

Justina K. Sessions, SBN 270914
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

Scott A. Sher, SBN 190053
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: ssher@wsgr.com

*Attorneys for Defendant*
PLAID INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 4:20-cv-7810-JSW |
| Plaintiff, | **DECLARATION OF STEVEN C. SUNSHINE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE** |
| v. | |
| VISA INC. and PLAID INC., | |
| Defendants. | |

I, Steven C. Sunshine, hereby declare and state as follows:

1.      I am counsel at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendant Visa Inc. ("Visa").  I am an attorney licensed to practice law in Washington, DC, and before this Court.  Unless otherwise stated, I have personal knowledge of the facts stated below and, if called upon as a witness, I could and would competently testify to the following facts.

2.      Pursuant to Civil Local Rule 7-11, I submit this declaration in support of Defendants' Administrative Motion for an Expedited Case Management Conference.

3.      On November 15, 2020, counsel for Defendants contacted counsel for Plaintiff asking Plaintiff to join a motion for an expedited case management conference.  Counsel for Plaintiff stated that it believed a case management conference is premature.

4.      Attached as Exhibit A is a true and correct copy of a November 6, 2020 letter from Tara Reinhart, on behalf of Defendants, to John Read.

5.      Attached as Exhibit B is a true and correct copy of a November 11, 2020 letter from Steven Sunshine, on behalf of Defendants, to John Read.

6.      Attached as Exhibit C is a true and correct copy of a November 13, 2020 letter from John Read to Steven Sunshine.

7.      Attached as Exhibit D is a true and correct copy of a November 15, 2020 letter from Tara Reinhart, on behalf of Defendants, to John Read.

8.      Attached as Exhibit E is a true and correct copy of an email exchange from November 11-16, 2020, between counsel for Plaintiff and Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of November, 2020 at Washington, DC.

By:  /s/ *Steven C. Sunshine*
Steven C. Sunshine (*pro hac vice* pending)
1440 New York, N.W.
Washington, D.C. 20005
Telephone:       (202) 371-7000
Facsimile(202) 393-5760
steven.sunshine@skadden.com

1

# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
202-371-7630
DIRECT FAX
202-661-9030
EMAIL ADDRESS
TARA.REINHART@SKADDEN.COM

November 6, 2020

John R. Read, Esq.
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530

RE:   *United States v. Visa et al.*, No. 3:20-cv-07810 (N.D. Cal.).

Dear John:

On behalf of Visa, Inc. and Plaid Inc. (together, "Defendants"), enclosed please find the draft protective order proposed by the Defendants in the above-captioned matter.

We believe it prudent to proactively address the issues of a protective order and the DOJ's prompt disclosure of third-party materials. As you know, merger challenges are tried on expedited litigation schedules, and any delay in DOJ's production of third-party investigation materials may materially impact the ability of Defendants to prepare their defense. DOJ staff investigated for more than nine months, and have more than 1.5 million documents the Defendants produced in the investigation. Staff presumably have significant volumes of third-party information in the investigative file. The Defendants need access to the third-party materials to assess DOJ's claims and prepare their defense, and they will remain at an unfair disadvantage until the materials are produced. Upon the parties' execution of the protective order, we respectfully request that, as a promptly as possible, DOJ provide outside counsel for the Defendants with complete copies of its investigative records relating to the proposed acquisition of Plaid by Visa.

John R. Read, Esq.
November 6, 2020
Page 2

      The enclosed protective order is similar to those that DOJ lawyers have agreed to in past merger litigations, including the *United States v. Energy Solutions Inc., et al.,* and *United States v. Sabre et al.*  To move this process along, until the court enters a protective order on the docket, Visa and Plaid would agree to treat all third-party documents as confidential, and would limit access to outside counsel.

      As you know, nothing in the statutes, the rules, or practicalities of the litigation process prevents you from immediately giving notice to and seeking permission from third parties to make their information available to us on an outside-counsel-only basis.  To the extent third parties consent or do not object, you may provide their materials to us without a protective order having been entered by a court.  We ask that you start with this process now.

      Please provide any comments on the draft protective order.  Our goal is to present a stipulated order to the court at the earliest opportunity.  We look forward to your response.

Sincerely,

/s/ Tara Reinhart

Tara Reinhart


cc:    Steven Sunshine, Esq.
       Karen Hoffman Lent, Esq.
       Jonathan Jacobson, Esq.
       Scott Sher, Esq.

# EXHIBIT B

# Skadden, Arps, Slate, Meagher & Flom llp

### 1440 NEW YORK AVENUE, N.W.
### WASHINGTON, D.C.  20005-2111

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

202-371-7860

202-661-0560

Steven.Sunshine@SKADDEN.COM

November 11, 2020

John R. Read, Esq.
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530

RE:     _United States v. Visa et al._,  No. 3:20-cv-07810 (N.D.
Cal.).

Dear John:

On behalf of Visa, Inc. and Plaid Inc. (together, "Defendants"), I write to follow up on our meet and confer yesterday afternoon regarding the protective order, case management order, and your inclusion of Visa's non-public information in the DOJ's publicly filed complaint.

## Case Schedule

During our meet and confer, Defendants proposed a trial start date of February 23, 2021.  The time to trial is consistent with other recent DOJ merger trials.  We explained that an expedited resolution is important to both Defendants, whose businesses are harmed by the uncertainty hanging over the transaction and the inability to realize the merger's efficiencies, and important to the marketplace more generally, which is deprived of the procompetitive benefits of this merger.  We also believe this is a reasonable timeframe given the lengthy investigation and extensive discovery that the government already has taken from both the Defendants and third parties.

John R. Read, Esq.
November 11, 2020
Page 2

You stated that DOJ would seek a trial start date at the end of July and that DOJ needs more time to litigate this merger challenge because it has brought claims under Section 2 of the Sherman Act as well as Section 7 of the Clayton Act.

To continue to progress the process of arriving at a case schedule, Defendants drafted the attached Exhibit A, which sets our proposed trial date as February 23, 2021. The discovery milestones in this proposed schedule are consistent with prior merger trials litigated by DOJ, including most recently *United States v. Sabre*. Please complete this schedule with DOJ's proposed dates as soon as possible, and Defendants will do the same.

**<u>Investigative File</u>**

During our meet and confer, Defendants repeatedly emphasized the need for DOJ to provide its merger investigative file at the earliest opportunity. Those materials are critical to determining the timing of trial and the scope of discovery. DOJ has had over nine months to investigate this transaction, putting it at a considerable information advantage compared to the Defendants, which impairs the companies' ability to prepare their defense. We reiterated our request that DOJ immediately notify third parties that their materials would be disclosed, and then provide Defendants with the investigative file on an outside-counsel-only basis pending entry of a protective order. This has been done in merger challenges and provides ample protections for third parties. You declined to do so, because you view that as inefficient and only will notify third parties once a protective order is entered. We are at an impasse regarding when and under what conditions the DOJ will produce its investigative file to Defendants. We will seek relief from the Court once a judge has been assigned to this matter.

You also declined to answer our inquiries regarding the size of the investigative file or the number of third parties involved in DOJ's investigation, stating that you do not know the size of the file and do not believe you can disclose the number of third parties. Defendants explained that this information is critical to understanding the scope of discovery that will be required in this case.

You also said DOJ only would consider "pre-discovery" production of the DOJ's investigative file if Defendants agreed to pre-discovery production of materials related to Project Altamira that were withheld by Visa as privileged during the investigation. This proposed quid pro quo is improper. Your conditioning a production that DOJ is required to make on Visa providing documents that you know are subject to a claim of privilege is improper.

John R. Read, Esq.
November 11, 2020
Page 3

**Protective Order**

We also discussed the draft protective order that the Defendants provided on November 6, 2021, which is based on protective orders used in prior merger litigations brought by DOJ, including the *Sabre* and *United States v. Energy Solutions* matters.  You stated that DOJ will not agree to the provisions providing in-house counsel access to certain materials, because third parties would not be willing to provide their produced materials to the parties if in-house counsel were given access.  You also suggested that we consider working from the Northern District of California's model protective order, which I have attached as Exhibit B to this letter.  As you can see, our draft provides more protection for third parties than the model order—as we noted on the call, the draft subjects access by in-house counsel to order of the Court and resolution of objections by third parties.  During our discussion, you indicated that DOJ would provide a redline of the draft protective order by November 12, 2021.  We look forward to seeing your proposed edits and will of course consider them.

**Confidentiality**

On November 6, 2020, I sent you a letter asking the basis for your inclusion of non-public information in the complaint filed publicly on ECF.  You responded on November 9, relying on both 15 U.S.C. § 18a(h) and two 9th Circuit opinions discussing the standard for sealing documents.  On our call, you declined to answer whether it is DOJ's position that § 18a(h) allows DOJ to make a public disclosure of information that qualifies for sealing.  You also declined to answer whether DOJ staff had analyzed or made a judgment whether the Visa information would qualify for sealing in litigation.  We stressed that DOJ does not have discretion unilaterally to determine whether information produced during its HSR investigation would qualify for protection from public disclosure in litigation.  And we reiterated that DOJ should not publicly disclose Defendants' investigative materials prior to an opportunity for the producing party to object based on confidentiality.

John R. Read, Esq.
November 11, 2020
Page 4


* * *


  Our goal following yesterday's meet and confer is to present a protective order and case management order, preferably stipulated, to the court at the earliest opportunity.  We look forward to your response.



        Sincerely,

        /s/ Steven Sunshine

        Steven Sunshine


cc:  Tara Reinhart, Esq.
   Karen Hoffman Lent, Esq.
   Jonathan Jacobson, Esq.
   Scott Sher, Esq.
   Justina Sessions, Esq.

# EXHIBIT C



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

November 13, 2020

Steve Sunshine
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, D.C. 20005
Steve.Sunshine@skadden.com

> Re:  *United States v. Visa et al.*, No. 3:20-cv-07810 (N.D. Cal.)

Dear Steve:

I write in response to your letter dated November 11, 2020, and our telephonic meet and confer on November 10, 2020. We share your stated goal of expeditiously presenting the Court with a stipulated Protective Order and proposed Case Management Order, but believe these documents must be appropriately tailored to the circumstances of this case.

**<u>Case Schedule</u>**

Enclosed with this letter is a draft case management statement proposing a trial start date of September 7, 2021. We created this draft with Judge Freeman's (who was assigned yesterday) Standing Order Re: Civil Cases and her Standing Order Re: Civil Bench Trials in mind. In getting this to you so quickly after her assignment, we may not have conformed the draft perfectly to her standing orders. We are open to your suggestions to better do so.

As I explained on our call, the Division requires – and has proposed – a reasonable period of discovery to fully prosecute both its Section 2 and Section 7 claims. The Division's proposal also accounts for the ongoing COVID pandemic, which has made it more burdensome for third parties in particular to timely produce responsive information. Visa itself struggled to timely produce data and documents during the Division's investigation. A September start date also increases the likelihood that any trial will be held in person, rather than conducted virtually.

You proposed a trial start date of February 23, 2021, a mere 110 days after the complaint was filed in this action. This date is neither reasonable nor consistent with schedules in recent merger trials.

For example, the schedule in the Division's most recent merger trial, *United States v. Sabre*, 452 F. Supp. 3d 97 (D. Del. 2020), *vacated*, 2020 WL 4915824 (3d Cir. July 20, 2020), was almost two months longer (160 days) than Defendants' proposal.  Similarly, the last merger trial litigated in the Northern District of California, *United States v. Bazaarvoice*, 13-CV-00133, 2014 WL 203966 (Jan. 8, 2014), started 245 days after the complaint was filed.  Neither of these trials occurred in the midst of a global pandemic and both involved only a single claim under Section 7.

As you are no doubt aware, a principal driver of expedited trial schedules in merger litigation is defendants' (dubious) claim that the expiration date of their deal necessitates a fast resolution.  Your letter omits any mention of the parties' walkaway date, and indeed on our call yesterday you refused to provide details as to whether the parties have made any effort to extend the expiration date of their merger agreement, referring to it as a "private contract" matter.  We therefore presume this is not an issue driving your proposed schedule, further differentiating this matter from prior merger litigation where Courts adopted shorter schedules to accommodate walkaway dates in the defendants' merger agreement.

In your letter, you point to the Division's pre-complaint investigation to support a shorter time to trial.  While you are correct that the Division conducted some pre-complaint investigation, that investigation was more limited than your letter suggests.  For example, neither Defendant produced any documents until May, and Visa did not complete its production of documents until July.  Moreover, the Division agreed to substantial limitations on its pre-complaint investigation by, inter alia, narrowing its requests to a limited set of custodians and search terms, in exchange for the right to conduct reasonable post-complaint discovery.  Indeed, Defendants have already waived the argument presented in your letter that the Division's pre-complaint investigation should limit post-complaint discovery, and acknowledged that Defendants' compliance with the Second Requests "is not sufficient to prepare the Division for a trial on the merits…."  Timing Agreement at 8.

In light of the ongoing global pandemic, the importance of this matter to American merchants and consumers, and the discovery necessary for the Division to fully prosecute its Section 2 claim, the Division's proposed schedule culminating in a trial start date of September 7, is both reasonable and necessary.  We are open, however, to any proposal aimed at streamlining discovery or limiting issues at trial.  For example, stipulations regarding product market, geographic market, or the existence of high entry barriers, or an agreement to limit arguments that will necessitate international discovery, could facilitate agreement for a shorter schedule.

**Investigative File**

In your letter and our call, you repeatedly demanded that the Division produce its investigative file – which primarily consists of information provided by Defendants, but also contains confidential information from third parties, including competitors to both Visa and Plaid – without waiting for the opening of formal discovery or entry of a protective order.  As I reiterated multiple times on the call, the Division considers the production of any third-party materials to be contingent on the entry of a protective order that protects those parties' rights and, if necessary, allows them to seek further protection from the Court.  Absent a protective order, third parties have no written

assurances regarding the treatment of their confidential materials and no recourse should Defendants fail to appropriately maintain confidentiality of their documents.  Moreover, your suggestion that we begin the process now of notifying third parties that their materials will be disclosed someday is inefficient.  The Division cannot currently answer the key question third parties will have, namely what is the scope of protection for their confidential materials.  Your proposal would necessitate the Division sending out two separate notifications: first, to alert third parties that Defendants have requested their materials, and again once a protective order has been entered.

Further, your demand that the Division produce pre-discovery materials without any reciprocity is not well taken.  The early production of our investigative file is a courtesy, done to meet ambitious deadlines such as your proposed February 23 trial date, that is not appropriate here.  If you would like to discuss the reciprocal exchange of useful, targeted documents and information in advance of formal discovery, we remain open to those discussions.

To start, once a protective order is in place, the Division is willing to offer pre-discovery production of its investigative file once Visa produces all Project Altamira documents improperly withheld during the Division's pre-complaint investigation. Visa and Bain (at Visa's behest) have inappropriately delayed production of documents relevant to the Division's investigation and this litigation through spurious invocation of the attorney-client privilege and work product doctrine. Visa's suggestion that these documents are appropriately sought through formal discovery is inefficient, and would require the Division to undertake for a second time the lengthy process of issuing a document request, waiting for objections, and meeting and conferring before beginning to resolve this issue.  If Visa will not agree to immediate production of the Altamira documents, we propose that the parties agree the issue is ripe for adjudication by the Court pursuant to an expedited briefing schedule and have drafted language to that effect in our enclosed case management order.  After the Court adopts a protective order, rules on Visa's privilege claims, and Visa produces all non-privileged Project Altamira documents consistent with the Court's order, the Division will produce its investigative file.

In response to your inquiry as to the size of the Division's investigative file, I have confirmed that the file contains approximately 100G of documents from thirteen third-party CID recipients.

**<u>Protective Order</u>**

Also enclosed with this letter is a copy of the Division's proposed protective order.  Despite the statements in your letter, the draft protective order you proposed deviates in significant respects from the protective orders adopted by the courts in *Sabre* and *Energy Solutions*.  The Division's draft is based on our model protective order, and incorporates additional provisions included in the model for the Northern District of California.  We believe this draft is more efficient and less burdensome for third parties. For example, your proposal offered no explanation why an unidentified number of in-house litigation and regulatory counsel should be entitled to see a competitor's highly confidential documents unless the third party undertakes the effort and expense of seeking a court order to the contrary.

**<u>Confidentiality</u>**

The Division reiterates that is has and will continue at all times to meet its statutory and ethical obligations regarding the publication of any party's confidential information.

Best regards,

/s/

John Read

cc:    Tara Reinhart, Esq.
        Karen Hoffman Lent, Esq.
        Jonathan Jacobson, Esq.
        Scott Sher, Esq.
        Justina Sessions, Esq.

# EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C.  20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
202-371-7630
DIRECT FAX
202-661-9030
EMAIL ADDRESS
TARA.REINHART@SKADDEN.COM

November 15, 2020

John R. Read, Esq.
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530

RE:     *United States v. Visa et al.*,  No. 3:20-cv-07810 (N.D. Cal.).

Dear John:

On behalf of Visa, Inc. and Plaid Inc. (together, "Defendants"), I write in response to your November 13, 2020 letter, and specifically with respect to your proposed trial date and your continued refusal to provide the DOJ's investigative file. We also enclose a mark-up of your draft protective order.

*First*, DOJ's proposal for a trial start date of September 7, 2021, is unacceptable.  Indeed, in response to Defendants' proposed February 2021 trial date, DOJ previously informed Defendants that it would seek a July 2021 trial date, and you have provided no basis for extending your prior proposal by an additional two months.  In any event, as explained in our prior correspondence and during our meet and confer, it is critical to Defendants and the marketplace that this litigation proceed with all due speed so that the closing of this transaction is not be unnecessarily delayed.  For Plaid in particular, the delay you propose would be devastating.  The uncertainty of the last several months has been bad enough, but the company is quite concerned that a continued delay of the magnitude you suggest would cause a massive loss of critical employees. Defendants reiterate our position that a February 2021 trial date is appropriate for this matter.

John R. Read, Esq.
November 15, 2020
Page 2


*Second*, as we have repeatedly explained, DOJ's continued insistence that it will only provide Defendants with its investigative file if Defendants agree to pre-discovery production of documents that you know are subject to a claim of privilege, is entirely improper. Defendants reiterate our position that DOJ should immediately notify third parties and promptly provide its investigative file to Defendants.

*Third*, we have reviewed your draft protective order and have enclosed a mark-up. Our revisions are modest and we expect they will be acceptable to you. We believe the parties should be able to reach an agreement on this matter and would like to resolve any remaining issues as soon as possible.

In our November 11 letter, we said we are at an impasse on the timing and under what conditions the DOJ would provide its investigative file and that we would petition the judge once one was assigned. We also have reached an impasse regarding an appropriate trial date for this matter. We would like to get these case management issues in front of Judge Freeman as quickly as possible, and plan to file on Monday, November 16, an administrative motion to set a status conference at her earliest convenience. Please let us know by Monday at noon whether you are willing to join in such an administrative motion. In addition, please let us know whether you are willing to proceed with a February 2021 trial, whether the DOJ is willing to agree to immediately begin notifying third parties and provide its investigative file without the quid pro quo you outlined in your letter, and whether you will accept our revisions to the protective order.

Sincerely,

/s/ Tara Reinhart

Tara Reinhart


cc:    Steven Sunshine, Esq.
       Karen Hoffman Lent, Esq.
       Jonathan Jacobson, Esq.
       Scott Sher, Esq.
       Justina Sessions, Esq.

# EXHIBIT E

**From:**      Reinhart, Tara L (WAS)
**To:**        'Bellshaw, Meagan (ATR)'; Read, John (ATR); Travers, Ryan J (WAS); 'SSher@wsgr.com';
              'jjacobson@wsgr.com'; 'Sessions, Justina'; Sunshine, Steven C (WAS); Lent, Karen
              Hoffman (NYC)
**Subject:**   RE: U.S. v. Visa Inc. and Plaid Inc.
**Date:**      11/16/2020 1:31:00 PM
**CC:**        Brader Leuchten, Cory (ATR)
**BCC:**

**Message:**

Meagan,

We have worked through your proposed case management order and have attached a redline reflecting
our edits.  As you will see, there are few areas of significant disagreement, with the exception of the trial
date.  The trial date, however, drives all of the interim dates in the litigation schedule, and it is clear that
the parties have fundamentally different views on when trial should start.  We proposed a trial at the
end of February 2021, which is consistent with many prior merger litigations and allows ample time for
the parties to complete discovery and prepare their cases for presentation to the Court.  You originally
proposed a July 2021 start date and then inexplicably pushed that out even further to September,
seeking a timeline longer than any other merger litigation we are aware of in the past 10
years.  Defendants are willing to work with you in good faith to come to an agreement on the case
management order, but that is something the parties can continue to do as we await the judge's
scheduling of the case management conference.  On trial date, we are at an impasse and it is time to
present the issue to the Court.  We are comfortable that an administrative motion for an expedited case
management conference is the proper vehicle for the relief we seek, given that it is clear DOJ is seeking
to elongate the litigation timeline for tactical reasons.  We intend to move forward with our motion
tomorrow.

Sincerely,

Tara

---

**From:** Bellshaw, Meagan (ATR) <Meagan.Bellshaw@usdoj.gov>
**Sent:** Monday, November 16, 2020 4:04 PM
**To:** Reinhart, Tara L (WAS) <Tara.Reinhart@skadden.com>; Read, John (ATR) <John.Read@usdoj.gov>;
Travers, Ryan J (WAS) <Ryan.Travers@skadden.com>; 'SSher@wsgr.com' <SSher@wsgr.com>;
'jjacobson@wsgr.com' <jjacobson@wsgr.com>; 'Sessions, Justina' <jsessions@wsgr.com>; Sunshine,
Steven C (WAS) <Steve.Sunshine@skadden.com>; Lent, Karen Hoffman (NYC)
<Karen.Lent@skadden.com>
**Cc:** Brader Leuchten, Cory (ATR) <Cory.Leuchten@usdoj.gov>
**Subject:** [Ext] RE: U.S. v. Visa Inc. and Plaid Inc.

Tara:

Following up on my email yesterday, the Division continues to believe that an administrative motion to request an expedited status conference is premature.  You still have not provided a response to our draft CMO, nor have you provided a detailed schedule setting forth how a three-and-a-half month trial schedule would work.  Please provide a status update on your response.  Even if we can't reach agreement on the exact schedule, there are many other provisions in our proposed CMO that we believe the parties should be able to agree on and/or that would benefit from a meet and confer to discuss any disagreements.

It is also unclear to us what Defendants intend to achieve with this status conference or whether an administrative motion is the appropriate vehicle for the relief you are seeking (e.g. if you plan to use this conference to compel production of our investigative file, that should proceed via a duly noticed motion under Local Rule 7-2).  We propose a meet and confer to discuss your request.

Finally, in your letter and on our call, you claim that the uncertainty caused by a longer time to trial would be devastating to Plaid and cause a massive loss of critical employees.  Please provide evidence for this assertion and an explanation as to what steps the parties are taking to mitigate any expected loss.  For example, have the parties discussed additional employee retention bonuses for those employees not currently expecting to receive one?

Meagan

**Meagan K. Bellshaw**
202.705.5854

---

**From:** Bellshaw, Meagan (ATR)
**Sent:** Sunday, November 15, 2020 8:24 PM
**To:** Reinhart, Tara L <Tara.Reinhart@skadden.com>; Read, John (ATR) <John.Read@ATR.USDOJ.gov>; Travers, Ryan J <Ryan.Travers@skadden.com>; 'SSher@wsgr.com' <SSher@wsgr.com>; 'jjacobson@wsgr.com' <jjacobson@wsgr.com>; 'Sessions, Justina' <jsessions@wsgr.com>; Sunshine, Steven C <Steve.Sunshine@skadden.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>
**Cc:** Brader Leuchten, Cory (ATR) <Cory.Leuchten@ATR.USDOJ.GOV>
**Subject:** RE: U.S. v. Visa Inc. and Plaid Inc.

Tara:

We are in receipt of your letter.  We are considering your request regarding an administrative motion for an expedited case management conference, but your Sunday afternoon missive requiring a response within 24 hours is arbitrary and unreasonable.  We will revert with our response once we have had a chance to confer internally and consider your proposal.  We will also review and respond to your proposed changes to the draft protective order.

Our initial view is that a case management conference is premature.  The draft scheduling order we sent on Friday involved far more substance than the trial start date.  When can we expect your response to the remaining case management issues and a detailed proposal as to how you envision the various pre-trial deadlines to work in your expedited schedule?  You state in your letter that the parties are at an impasse regarding timing, yet Defendants have made no meaningful effort to engage with us on the

numerous issues that come into play when determining whether a particular trial start date is appropriate.

Meagan

**Meagan K. Bellshaw**
Attorney | U.S. Department of Justice | Antitrust Division
450 Fifth Street, NW | Suite 4000 | Washington, DC 20001
Tel: 202.598.2307 | Mobile: 202.705.5854
Email: meagan.bellshaw@usdoj.gov

---

**From:** Reinhart, Tara L <Tara.Reinhart@skadden.com>
**Sent:** Sunday, November 15, 2020 12:01 PM
**To:** Read, John (ATR) <John.Read@ATR.USDOJ.GOV>; Travers, Ryan J <Ryan.Travers@skadden.com>; 'SSher@wsgr.com' <SSher@wsgr.com>; 'jjacobson@wsgr.com' <jjacobson@wsgr.com>; 'Sessions, Justina' <jsessions@wsgr.com>; Sunshine, Steven C <Steve.Sunshine@skadden.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>
**Cc:** Brader Leuchten, Cory (ATR) <Cory.Leuchten@ATR.USDOJ.GOV>; Bellshaw, Meagan (ATR) <Meagan.Bellshaw@ATR.USDOJ.GOV>
**Subject:** RE: U.S. v. Visa Inc. and Plaid Inc.

Counsel, please see attached correspondence and revised protective order.

---

**From:** Read, John (ATR) <John.Read@usdoj.gov>
**Sent:** Friday, November 13, 2020 4:27 PM
**To:** Travers, Ryan J (WAS) <Ryan.Travers@skadden.com>; 'SSher@wsgr.com' <SSher@wsgr.com>; 'jjacobson@wsgr.com' <jjacobson@wsgr.com>; 'Sessions, Justina' <jsessions@wsgr.com>; Sunshine, Steven C (WAS) <Steve.Sunshine@skadden.com>; Reinhart, Tara L (WAS) <Tara.Reinhart@skadden.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>
**Cc:** Brader Leuchten, Cory (ATR) <Cory.Leuchten@usdoj.gov>; Bellshaw, Meagan (ATR) <Meagan.Bellshaw@usdoj.gov>
**Subject:** [Ext] RE: U.S. v. Visa Inc. and Plaid Inc.

Counsel,

Please see the attached correspondence and proposals for a protective order and a case management order.  We look forward to further discussion about these.

All the best,

John Read

---

**From:** Travers, Ryan J <Ryan.Travers@skadden.com>
**Sent:** Wednesday, November 11, 2020 10:51 AM
**To:** Brader Leuchten, Cory (ATR) <Cory.Leuchten@ATR.USDOJ.GOV>; Read, John (ATR) <John.Read@ATR.USDOJ.GOV>; Bellshaw, Meagan (ATR) <Meagan.Bellshaw@ATR.USDOJ.GOV>
**Cc:** 'SSher@wsgr.com' <SSher@wsgr.com>; 'jjacobson@wsgr.com' <jjacobson@wsgr.com>; 'Sessions,

Justina' <jsessions@wsgr.com>; Sunshine, Steven C <Steve.Sunshine@skadden.com>; Reinhart, Tara L <Tara.Reinhart@skadden.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>
**Subject:** U.S. v. Visa Inc. and Plaid Inc.

Counsel,

Please see the attached correspondence.

Best,
Ryan

**Ryan J. Travers**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7347 | F: 202.661.8347
Ryan.Travers@skadden.com

Skadden

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================
=========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================
=========

**Attachments:**

Visa-Plaid_Redline_of_DOJ_Draft_CMO.DOCX