JOHN R. READ (DC Bar #419373)
john.read@usdoj.gov
MEAGAN BELLSHAW (CA Bar #257875)
meagan.bellshaw@usdoj.gov
CORY BRADER LEUCHTEN (NY Bar # 5118732)
cory.leuchten@usdoj.gov
SARAH H. LICHT (DC Bar #1021541)
sarah.licht@usdoj.gov
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 598-2307
Facsimile: (202) 514-7308

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 4:20-cv-07810-JSW |
| *Plaintiff* | **PLAINTIFF UNITED STATES' STATEMENT IN SUPPORT OF ADMINISTRATIVE RELIEF FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE** |
| v. | |
| VISA INC. and PLAID INC., | |
| *Defendants.* | Judge: Hon. Jeffrey S. White |

The United States does not object to an expedited case management conference in this matter as the Court finds appropriate. Defendants, however, have refused to meaningfully engage on a case schedule and failed to properly seek a joint stipulation in support of its administrative motion under Civil Local Rule 7-11(a). Accordingly, the United States requests the Court order all parties to confer and file a Joint Case Management Statement pursuant to Local Rule 16-9 and this Court's standing order in advance of any expedited Case Management Conference.

Defendants propose an infeasible fifteen-week pre-trial period that is out of step with this district's practice. Defendants' schedule is significantly faster than schedules adopted in the vast majority of merger cases – cases that involved fewer legal claims in less complex industries and did not occur during a global pandemic that will present its own unique challenges, particularly in obtaining discovery from third parties. Defendants' proposal for a highly truncated discovery period reneges on the parties' written agreement that the United States would significantly curtail its pre-complaint investigation in exchange for reasonable discovery in litigation. Defendants have either ignored or rejected each of the United States' invitations to narrow the issues at stake or to streamline discovery to accommodate a reasonable shorter time to trial. For example, Defendants both rejected limits on the total number of experts and simultaneously proposed a schedule giving the parties only two days to respond to rebuttal expert reports. Moreover, Defendants are demanding prematurely that the United States produce its investigative file without the benefit of a protective order or discovery request despite impermissibly withholding critical relevant documents from that file for months based on unsubstantiated privilege claims.

Rushing to trial and depriving the United States of adequate discovery will harm the American public by impeding the government's case against a monopolist. Accordingly, the United States proposes a trial start date of September 7, 2021. This date is appropriately fast – a mere ten months after the complaint was filed – while allowing the United States adequate time to discover and properly present relevant evidence to this Court.

## BACKGROUND

The United States filed its complaint in this matter on November 5, 2020, challenging Visa's acquisition of Plaid under both Section 2 of the Sherman Act, 15 U.S.C. § 2 ("Section 2"),

-1-

and Section 7 of the Clayton Act, 15 U.S.C. § 18 ("Section 7"). Five days after filing, on November 10, the parties met telephonically to discuss various case management issues. Declaration of Meagan K. Bellshaw ("Bellshaw Decl.") ¶ 1. During that conference, Defendants proposed a trial start date of late February or early March. *Id.* The next day, November 11, counsel sent a letter purporting to memorialize the parties' conversation and proposing a trial start date of February 23, 2021. Dkt. 42-1 (Decl. of Steven C. Sunshine in Supp. of Defs.' Admin. Mot. for Expedited Case Mgmt. Conf. Ex. B) ("Sunshine Decl.") Ex. B. Defendants did not provide any interim deadlines to detail how a fifteen-week pre-trial schedule would work, and did not respond to the United States' invitation to narrow the issues to accommodate a faster trial schedule.

On Friday, November 13, following reassignment from Magistrate Judge Westmore to Judge Freeman (Dkt. 32), counsel for the United States promptly sent Defendants a draft joint case management statement proposing a trial start date of September 7, 2021, and setting forth a complete list of interim deadlines, proposed limitations on discovery, and streamlined pre-trial procedures, among other provisions. Sunshine Decl. Ex. C.

Two days later, in a Sunday afternoon letter, without responding to the United States' proposed case management statement, Defendants declared the parties at an impasse regarding the trial date and demanded that the United States agree to join an administrative motion for an expedited case management conference within twenty-four hours. Sunshine Decl. Ex. D. The United States informed Defendants that the motion was premature given that Defendants had not responded to the United States' proposed schedule; that the parties were still negotiating and should continue to negotiate the proposed scheduling order, including the many elements that would determine the feasibility of a particular trial date; and that the United States was unclear as to the scope of Defendants' proposed motion. *Id.* Ex. E. The United States requested a meet and confer to better understand the relief Defendants were seeking. *Id.* In response, Defendants provided edits to the United States' draft scheduling order and reasserted that the parties were at an impasse regarding the trial start. *Id.* The next day, following reassignment of the matter from Judge Freeman to this Court, Defendants filed the instant motion.

-2-

UNITED STATES' STATEMENT IN SUPPORT OF ADMINISTRATIVE RELIEF FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE
Case No. 4:20-cv-07810-JSW

**ARGUMENT**

Visa is a monopolist seeking to maintain its market dominance by buying Plaid before Plaid has the chance to successfully compete against Visa's online debit business. The United States' allegations – that the merger violates both Section 2 and Section 7 – are squarely in line with traditional antitrust jurisprudence, such as the seminal *Microsoft* decision, recognizing that dominant firms should not be permitted to squash nascent competition before it has a chance to take root. *See, e.g.*, *United States v. Microsoft Corp.*, 253 F.3d 34, 79 (D.C. Cir. 2001) (en banc) (per curiam) ("[I]t would be inimical to the purpose of the Sherman Act to allow monopolists free reign to squash nascent, albeit unproven, competitors at will…."); Areeda & Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ¶ 912b (5th ed. 2020) ("But when the dominant firm in the market has a market share satisfying the Sherman Act § 2 standards for monopoly or attempt, a 'lessening' of competition is not essential to illegality. Such a merger tends to maintain a monopoly by cutting off an avenue of future competition before it has had a chance to develop. As a result, condemnation under § 2 is appropriate.")

By their nature, antitrust cases involve complex legal, factual, and economic questions. Numerous issues likely will be before the Court, including Visa's monopoly power and its durability, the definition of the relevant product market, the likelihood that Plaid would enter the market, and the competitive harm in that market if Visa were to prevent Plaid from doing so. The government substantially curtailed the scope of its pre-complaint investigation at Defendants' request – in exchange, Defendants agreed not to make the exact arguments they are making before this Court, namely that the government's pre-litigation investigation should prevent reasonable post-complaint discovery or that any investigation was sufficient to ready the United States for trial. Bellshaw Decl. Ex. A at §IV(B). The United States now needs time to conduct appropriate discovery and to develop admissible evidence on each of these issues.

Defendants are correct that antitrust trials involving acquisitions typically proceed at an accelerated pace, and the United States' proposed trial schedule is structured accordingly. A September 7, 2021, start date is consistent with the scheduling order in the Department of Justice's most recent case challenging an acquisition under Section 2, *United States v. United Continental*

-3-

*Holdings*, No. 15-cv-07992-WHW-CLW (D.N.J. 2015, Dkt. 24) (224 days between filing the complaint and trial), and the last merger trial it litigated in the Northern District of California, *United States v. Bazaarvoice*, No. 13-cv-00133-EMC (N.D. Cal. 2013, Dkt. 29) (243 days), and is far faster than the median time to trial for civil cases in this district (approximately 890 days), *Federal Court Management Statistics, Northern District of California* (June 30, 2020), *available at* https://www.uscourts.gov /statistics-reports/federal-court-management-statistics-june-2020. In contrast, Defendants' proposed schedule, 110 days from complaint to trial, is significantly faster than the case schedules adopted in most recent merger cases, even though those cases involved only a Section 7 challenge in less complex industries than here. *See, e.g.*, *United States v. Sabre Corp.*, No. 19-cv-01548-LPS (D. Del. 2019, Dkt. 31) (160 days); *United States v. Quad/Graphics, Inc.*, No. 19-cv-04153 (N.D. Ill. 2019, Dkt. 46) (147 days), *United States v. Energy Solutions, Inc.*, No. 16-cv-01056-SLR (D. Del. 2017, Dkt. 103) (159 days); *United States v. Deere & Co.*, No. 16-cv-08515 (N.D. Ill. 2016, Dkt. 171) (initially set for 180 days, later extended to 278 days).

Defendants have proffered no justification to deviate from this practice and instead rush to a February 23 trial beyond two generic sentences of generalized harm. The United States has repeatedly requested additional information regarding the purported harm Defendants face and what steps they have taken to mitigate it; requests that have thus far been ignored entirely.

Defendants' motion remarkably accuses the United States of strategic delay and claims it is trying to win this case by forcing the parties to abandon. The United States submits, however, that it is the parties who are attempting to win this case by denying the United States a fair chance to develop its case and present relevant evidence in such an important and complex merger to this Court. Defendants' schedule is also unworkable. For example, while rejecting the United States' proposal to place reasonable limits on the number of experts each side may identify, Defendants have proposed a schedule that would give the United States only two days to respond to an unlimited number of expert reports of untold length.

Defendants' allegations that the United States is attempting to stymie resolution of this matter on the merits or that it has conditioned production of documents on Visa's waiver of valid privilege claims simply are not true. Defendants are demanding that the United States produce its

-4-

investigative file – which, aside from Defendants' own productions, consists primarily of third-party materials, including sensitive and highly confidential business information of Defendants' respective customers and competitors – without the benefit of either a protective order or a discovery request. The pre-discovery production of the government's investigative file is a courtesy extended only where appropriate, such as, for example, when the Defendants have not rendered the file incomplete by improperly withholding relevant material, and after the United States is confident that third party information will be protected adequately. Accordingly, the United States has agreed to pre-discovery production of its investigative file on two conditions: (i) entry of a valid protective order; and (ii) Visa's agreement that a narrow privilege issue relating to a discrete set of critical documents is ripe for adjudication by the Court. Visa and its third-party business consultant (at Visa's direction) withheld thousands of documents relating to Visa's pricing strategy from the United States during its pre-complaint investigation. Despite Visa's dubious claims that these documents are privileged or attorney work product, Visa's CEO admitted in deposition that they do not relate to any pending litigation and that Visa funneled the strategy project through outside counsel in order to keep the documents confidential. The parties have met and conferred unsuccessfully on this issue for months. The United States is asking Visa to agree that this issue is ripe for adjudication by the Court and, if the Court determines that some or all of the documents at issue are not privileged, that Visa produces the documents in compliance with the Court's order. Once Visa completes its production, and a protective order is entered, the United States will agree to pre-discovery production of its investigative file. This offer of reciprocal pre-discovery document production is neither improper nor gamesmanship.

Finally, although it has given Visa an opportunity to cast aspersions on the United States' case, an administrative motion is not the proper vehicle for Defendants to air these grievances before the Court. The United States would have been willing to stipulate to reschedule the March 23, 2021, Case Management Conference (Dkt. 41) to an earlier date if Defendants simply had explained the exact relief they sought. *See* Local Rule 7-11(b) (motion for an order concerning a miscellaneous administrative matter must be accompanied "by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained").

-5-

Dated: November 20, 2020

Respectfully submitted,

/s/ *John R. Read*
JOHN R. READ
Trial Attorney
U.S. Department of Justice
Antitrust Division

*Attorney for Plaintiff United States*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTORNEY ATTESTATION**

I, Meagan K. Bellshaw, am the ECF user whose identification and password are being used to file Plaintiff United States' Statement in Support of Administrative Relief for an Expedited Case Management Conference. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ *Meagan K. Bellshaw*
Meagan K. Bellshaw

-7-