JOHN R. READ (DC Bar #419373)
john.read@usdoj.gov
MEAGAN BELLSHAW (CA Bar #257875)
meagan.bellshaw@usdoj.gov
CORY BRADER LEUCHTEN (NY Bar # 5118732)
cory.leuchten@usdoj.gov
BENNETT J. MATELSON (DC Bar #454551)
bennett.matelson@usdoj.gov
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC  20530
Telephone: (202) 307-0468
Facsimile: (202) 514-7308

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br>v.<br><br>VISA INC. and PLAID INC.,<br><br>*Defendants*. | Case No.: 4:20-cv-07810-JSW<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

### JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below.  The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), **ORDERS** as follows:

**A.     Definitions**

1. As used herein:

(a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c) "Highly Confidential Information" means any Confidential Information which the Protected Person reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

(d) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice.

(g) "Investigation Materials" means non-privileged documents, including but not limited to data, declarations, affidavits, statements, testimony, business records, emails or other communications, electronically stored information or other materials (including drafts), that (i) any non-Party provided to any Party, either voluntarily or under compulsory process relating to the Investigation; (ii) any Party provided to any non-Party relating to the Investigation; or (iii) any Defendant, or affiliated person or entity provided to Plaintiff relating to the Investigation.

(h) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any non-Party provides to any Party either voluntarily or under compulsory process in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any non-Party in connection with and during the

pendency of this Action; (iii) any Defendant provides to Plaintiff in connection with and during the pendency of this Action; and/or (iv) Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(i) "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(j) "Party" means the United States or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

(k) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(l) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.     Designation of Confidential Information**

2. Within two business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential or Highly Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information or Highly Confidential Information by filing a motion seeking additional protection for its Confidential or Highly Confidential Information. If a non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to any other Person until the Protected Party and Parties have agreed or the Court has ruled on the Protected Person's motion.

4. DESIGNATION OF INVESTIGATION MATERIALS. Investigation Materials submitted by a Protected Person, or any other materials that are entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. § 1313(c) (3), or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), shall be treated in the first instance as Highly

1  Confidential Information under this Order during pretrial proceedings.  Such material may be
2  disclosed only in accordance with the procedures set forth in this Order.  The confidentiality of
3  such materials may be later challenged under the provisions of Section C below.  This Order
4  does not require any Party to stamp or otherwise mark Investigation Materials as Highly
5  Confidential, provided that the Investigation Materials are produced in electronic format on a
6  disk or other medium, and the Party designates the disk or other medium as "Highly
7  Confidential."

       5. DESIGNATION OF LITIGATION MATERIALS.  The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

       (a) <u>Testimony</u>.  All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent.  Within 21 days following receipt of the final transcript, the deponent may designate as Confidential or Highly Confidential any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiff's and Defendants' counsel listed at the end of this Order.  Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 5(a) shall not be treated as Confidential or Highly Confidential, despite any prior designation of confidentiality.

      When a Party questions a deponent about a document or information that has been designated by a different Protected Person as Confidential or Highly Confidential, the Party that asked such questions shall designate as Confidential or Highly Confidential the portion of the transcript relating to such Confidential or Highly Confidential document or information.

(b) <u>Documents</u>.  A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each page with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.  Likewise, a Protected Person who designates as Highly Confidential Information any document that they produced in this Action must stamp or otherwise mark each page with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

(c) <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.  Likewise, where Highly Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Highly Confidential Information, the "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 10(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and include the production number and designation associated with the native file.

(d) Each Defendant represents that any materials that the Defendant previously provided to the U.S. Department of Justice during the Investigation that the Defendant designated as Confidential or Highly Confidential, including but not limited to testimony, documents, and electronic documents and data, constitutes Confidential Information or Highly

Confidential Information, as defined in subparagraphs 1(b) and 1(c) of this Order, and the Defendant hereby designates it as such.

(e) Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena. Non-Parties may designate materials as Confidential or Highly Confidential pursuant to the procedures in this paragraph.

6. Any production of documents or testimony not designated as Confidential or Highly Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. No prior disclosure of newly designated Confidential or Highly Confidential Information shall violate this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

7. In the event of a disclosure of any Confidential or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**C.      Challenges to Confidential or Highly Confidential Designation**

8. Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute. If the objecting Party and the Protected Person cannot reach agreement on the objection within five business days of the Party's written notice, the Protected Person may address the dispute to this Court. The Protected Person bears the burden of persuading the Court that the material is Confidential Information within the definition set forth in paragraph 1(b) or Highly Confidential Information within the definition set forth in paragraph 1(c). The designated information shall be treated in accordance with its Confidential or Highly Confidential Information designation under this Order until the Court rules on the designating Protected Person's timely filed motion. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information or Highly Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information or Highly Confidential Information under this Order. This Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.      Disclosure of Confidential or Highly Confidential Information**

9. Confidential Information may be disclosed only to the following persons:

(a)  the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)  Plaintiff's attorneys, in-house economists and financial analysts, paralegals and other professional personnel (including support and IT staff), and agents or independent

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. 4:20-cv-07810-JSW

contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

   (c) Outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action, and agents or independent contractors retained by Defendants to assist in this Action whose functions require access to the information;

   (d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

   (e) any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

   (f) persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

   (g) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

   (h) outside trial consultants (including, but not limited to, graphics consultants), provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

   (i) two in-house attorneys for each Defendant, not involved in business decisions, whose names shall be disclosed to the United States at least five business days prior to the effective date of such designation and who shall be agreed upon by the parties or (in the

-8-

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. 4:20-cv-07810-JSW

absence of agreement) ordered by the Court, provided that the in-house attorneys shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto. For purposes of this paragraph, the phrase "involved in business decisions" shall not include the rendering of legal advice solely as to litigation, compliance, regulatory, or liability issues related to business decisions. To the extent a Defendant seeks to change the two-in house attorneys that may receive access to Confidential Information, the Defendant must provide notice to Plaintiff at least 10 business days prior to the effective date of such change.

10. Highly Confidential Information may be disclosed only to the persons set forth in Section D.9(a)-(h) above.

11. Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of one year following the final resolution of this Action.

12. Each individual described in paragraphs 9 and 10 of this Order to whom information designated as Confidential Information or Highly Confidential Information is disclosed must not disclose that Confidential or Highly Confidential Information to any other individual, except as provided in this Order.

13. Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Confidential or Highly Confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

14. Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

(b) prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c) prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(d) prevents Plaintiff's retention or use or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

**E.     Use of Information Designated Confidential or Highly Confidential in This Action**

15.  If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file such Confidential or Highly Confidential Information under seal must proceed in accordance with Local Rule 79-5.  For any filing made under seal pursuant to this Order, the filing Party shall file with the Court, in accordance with Local Rule 79-5, a public version of the filing with the Confidential or Highly Confidential Information redacted.  Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

16.  Disclosure at trial of documents and testimony and other materials designated as Confidential Information or Highly Confidential Information will be governed pursuant to a separate Court order.  The Parties shall meet and confer before trial and submit a recommended order outlining those procedures.  Absent a ruling by the Court to the contrary, documents or deposition testimony, or other materials or information designated as Confidential Information or Highly Confidential Information by a Protected Person that appear on an exhibit list or in deposition designations, that are admitted into evidence at trial, will be disclosed on the public

record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with procedures established by this Court.

17. All Confidential Information or Highly Confidential Information produced by a Party or a non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose, except as set forth in Paragraphs 13 and 14 herein.

**F.     Procedures upon Termination of This Action**

18. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential or Highly Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it, or destroy or delete all such Confidential or Highly Confidential Information. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential or Highly Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted herein. All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under paragraphs 13 and 14 of this Order.

**G.     Right to Seek Modification**

19. Nothing in this Order limits any Person, including members of the public, a Party or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court,

-11-

including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

### H. Inadvertent Production of Privileged Information

20. As authorized by Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules ("Produced Privileged Material") does not waive any claim of privilege, work product, or any other ground for withholding production to which the Party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the Party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the documents or information promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

21. A Party or Person claiming privilege or other protections for Produced Privileged Material must within three (3) days of learning of the production of such material notify in writing any and all Receiving Parties that received the Produced Privileged Material and provide sufficient information to the Receiving Party regarding the asserted privileges, in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, if a Receiving Party discovers a document that it believes to be Produced Privileged Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Produced Privileged Material. No Receiving Party will be found in violation of this Order for failing to recognize Produced Privileged Material.

22. After discovering or being notified of Produced Privileged Material, any Receiving Party may not use or disclose the inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five (5) calendar days of discovering or being notified of Produced Privileged Material, any Receiving Party must return, sequester, or destroy the specified material and any

copies. The Designating Party must retain a copy of the material until the resolution or termination of this Action. A Party may move the Court for an order compelling production of the material and present the information to the Court under seal for a determination of the claim. Any submission of privileged material for *in camera* review shall not constitute a waiver of any applicable material.

23. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform that Party or Person that produced the materials of such occurrence.

24. This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (i.e., that the benefit of the discovery is not as great as the cost of said discovery including review).

## I. The Privacy Act

25. Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## J. Persons Bound by This Order

26. This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**SO STIPULATED:**

/s/ *John R. Read*
John R. Read
John.Read@usdoj.gov
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 307-0468
Fax: (202) 514-7308

*Counsel for Plaintiff United States of America*

/s/ *Tara L. Reinhart*
Jack P. DiCanio (SBN 138782)
Jack.DiCanio@Skadden.com
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Steven C. Sunshine (pro hac vice)
Steven.Sunshine@Skadden.com
Tara L Reinhart (pro hac vice)
Tara.Reinhart@Skadden.com
Julia K. York (pro hac vice)
Julia.York@Skadden.com
Joseph Ciani-Dausch (pro hac vice)
Joseph.Ciani-Dausch@skadden.com
1440 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 371-700
Facsimile: (202) 393-5760

Karen Hoffman Lent (pro hac vice)
Karen.Lent@Skadden.com
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Counsel for Defendant Visa, Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Justina K. Sessions*
Jonathan M. Jacobson (SBN 1350495)
jjacobson@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899

Scott A. Sher (SBN 190053)
ssher@wsgr.com
Michelle Yost Hale (pro hac vice)
mhale@wsgr.com
Robin S. Crauthers (pro hac vice)
rcrauthers@wsgr.com
Katie R. Glynn (SBN 300524)
kglynn@wsgr.com
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899

Justina K. Sessions (SBN 270914)
jsessions@wsgr.com
Benjamin S. Labow (SBN 229443)
blabow@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

*Counsel for Defendant Plaid Inc.*

**IT SO ORDERED.**

Dated: _____                    _____
                                            HON. JEFFREY S. WHITE
                                            United States District Judge

# APPENDIX A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKDLAND DIVISION

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

VISA INC. and PLAID INC.,

Civil Action No. 4:20-cv-07810-JSW

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.
I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing the terms of the Protective Order entered in the

1  above-captioned action and freely and knowingly waive any right I may otherwise have to object
2  to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE

-17-
JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. 4:20-cv-07810-JSW

|   |   |
|---|---|
| 1 | **ATTORNEY ATTESTATION** |
| 2 | I, Meagan K. Bellshaw, am the ECF user whose identification and password are being |
| 3 | used to file the Joint Stipulation and [Proposed] Protective Order.  Pursuant to Local Rule 5- |
| 4 | 1(i)(3), I hereby attest that all signatories listed hereto, and on whose behalf the filing is |
| 5 | submitted, concur in this document's content and have authorized the filing of this document |
| 6 | with the use of their electronic signature. |

　　　　　　　　　　　　/s/ *Meagan K. Bellshaw*
　　　　　　　　　　　　　Meagan K. Bellshaw