JACK P. DICANIO (SBN 138782)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570
Email:      Jack.DiCanio@skadden.com

STEVEN C. SUNSHINE (*pro hac vice*)
TARA REINHART (*pro hac vice*)
JULIA YORK (*pro hac vice*)
JOSEPH CIANI-DAUSCH (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile    (202) 393-5760
Email:      steven.sunshine@skadden.com
Email:      tara.reinhart@skadden.com
Email:      julia.york@skadden.com
Email:      joseph.ciani-dausch@skadden.com

KAREN LENT (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile    (212) 735-2000
Email:      karen.lent@skadden.com

*Attorneys for Defendant*
VISA INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 4:20-cv-7810-JSW |
| Plaintiff, | **DEFENDANT VISA INC.'S ANSWER TO COMPLAINT** |
| v. | |
| VISA INC. and PLAID INC., | |
| Defendants. | |

1

## ANSWER OF DEFENDANT VISA INC.

2      Defendant Visa Inc. ("Visa") by and through its undersigned counsel, answers as follows

3   the allegations of the Complaint filed on November 5, 2020 (the "Complaint"), by the United

4   States ("Plaintiff").  Except for those allegations expressly admitted herein, Visa denies each and

5   every allegation in the Complaint.  Except as noted herein, Visa lacks knowledge or information

6   sufficient to form a belief as to the truth of the allegations regarding statements made in internal

7   documents by Plaid Inc. ("Plaid"), or any other allegations regarding non-public statements,

8   commercial plans, or intentions of companies other than Visa.  Visa expressly denies that Plaintiff

9   is entitled to the relief requested or any other relief.  Visa reserves the right to amend this Answer.

10

11                               ## PRELIMINARY STATEMENT

12      This is an action by the United States seeking to enjoin Visa's proposed acquisition of Plaid

13   under the antitrust laws.  As Plaintiff concedes, Plaid and Visa are not competitors today; instead,

14   Plaintiff's Complaint postulates that the proposed acquisition threatens competition because Plaid

15   is supposedly a *potential* competitor to Visa in an alleged market for online debit transactions.

16   "Potential competition" theories like this one have for decades been evaluated under Section 7 of

17   the Clayton Act—the federal antitrust statute specifically designed to address mergers—and have

18   found almost no traction in the courts.  Likely aware that potential competition cases are extremely

19   difficult to win, Plaintiff has tacked on a Section 2 Sherman Act claim in the apparent hope of

20   avoiding unfavorable Section 7 precedent.  That choice is puzzling because Section 2, which

21   prohibits monopolization, imposes equally—if not more—stringent evidentiary requirements on

22   Plaintiff than does Section 7.  In any event, regardless of which statute is ultimately applied,

23   Plaintiff's misconceived "potential competition" theory of harm fails on the facts.  Plaintiff's

24   narrative—that Visa is acquiring Plaid in order to crush a (purportedly) unique dangerous threat to

25   a (supposed) monopoly—is nothing more than a patchwork of excerpted party documents and

26   testimony taken out of context, stitched together with conclusory allegations where facts do not

27   exist, and embellished with irrelevant and stale customer complaints unrelated to Plaid and this

28   acquisition.

1    In reality, the significant, tangible, near-term benefits that will be derived from the

2  transaction simply dwarf the highly remote and speculative risk of anticompetitive effects that

3  Plaintiff posits.

4    Visa and Plaid operate in different but complementary spheres.  Visa's core competency is

5  facilitating consumer-to-business (C2B) transactions.  Visa operates a payment network that allows

6  hundreds of millions of consumers to pay for goods and services at millions of merchants in the

7  United States and around the world using Visa-branded debit, credit, and prepaid cards.[1]  Visa's

8  payment network competes with other card-based networks including Mastercard, Discover, and

9  American Express, other payment methods commonly used by consumers, such as cash, check, and

10  ACH (Automated Clearing House), and competing debit networks including Accel, Star, NYCE,

11  and Pulse.  Plaid, by contrast, plays no role in this C2B payment ecosystem.  Plaid's core

12  competency is enabling users to "connect" their financial accounts to apps from financial

13  technology firms ("fintechs") through its application programming interfaces (APIs).  In essence,

14  Plaid moves data, not money, and it competes with other "connector" firms such as Finicity and

15  Yodlee.

16    Visa's motivation to acquire Plaid—and Visa's valuation of Plaid—is founded on the

17  growth of this "connector" segment and driven by the opportunity for Visa to develop closer

18  relationships with the proliferating ecosystem of fintechs, and by the promise of creating new value

19  by combining Visa's and Plaid's *complementary* capabilities.  Notably, these very same

20  opportunities drove Mastercard to acquire Plaid's competitor Finicity—as Mastercard president

21  Michael Miebach stated when announcing the deal, "[w]ith the addition of Finicity, we expect to

22  not only advance our open banking strategy, but enhance how we support and accelerate today's

23  digital economy across several markets."[2]  The Mastercard/Finicity transaction is the mirror image

---

[1] Debit cards allow consumers to access funds in a demand deposit account with a financial institution.  Credit cards allow consumers to access a line of revolving credit that has been granted by a financial institution.  Prepaid cards allow consumers to access funds that have been pre-loaded onto the card by the consumer through some other payment mechanism (including cash).

[2] *Mastercard to Acquire Finicity to Advance Open Banking Strategy*, Mastercard Investor Relations (June 23, 2020), https://investor.mastercard.com/investor-news/investor-news-details/2020/Mastercard-to-Acquire-Finicity-to-Advance-Open-Banking-Strategy/default.aspx.

of the Visa-Plaid acquisition, and one that Plaintiff approved shortly after it filed this Complaint.

Plaintiff dismisses these obvious complementarities and procompetitive opportunities, and seeks to portray Visa as motivated by fear that Plaid was building a C2B payments network allowing consumers to pay for purchases directly from their bank accounts (a "pay-by-bank" (PBB) platform). But Plaintiff ignores that Plaid's research and development efforts—consisting of a small number of pipeline products that Plaid began developing only months before the transaction discussions began—do not actually constitute a PBB platform that would compete with Visa's debit products for C2B transactions. Nor does Plaintiff provide a shred of detail as to how or when these pipeline products would evolve into a competing product with commercial acceptance. And, mystifyingly, the Complaint paints Plaid as a unique entrant into the alleged "online debit" market, when existing players with existing payments relationships with both merchants and consumers (such as providers of payment processing and digital wallets) are far better situated to enter. Plaintiff's misguided effort to block Visa's acquisition of Plaid, while simultaneously approving the acquisition of one of Plaid's major competitors (Finicity) by Visa's principal competitor (Mastercard), when Mastercard has announced plans to do with Finicity just what Visa intends to do with Plaid, creates an unlevel playing field in emerging product spaces and seeks to deprive consumers of robust competition between Mastercard/Finicity and Visa/Plaid. In fact, Mastercard/Finicity wasted no time—a little over a week after the Mastercard/Finicity transaction was approved by the DOJ, Finicity announced Finicity Pay, "an integrated solution set that enables payments, account creation, and fraud mitigation."[3]

While Plaintiff may wish away the substantial body of evidence demonstrating Visa's procompetitive motivations and plans, Plaintiff will face a heavy burden in proving each of the requisite elements of Section 2 and Section 7. The allegations Plaintiff offers to satisfy those elements strain credulity.

*First*, Plaintiff seeks to gerrymander a relevant product market of "online debit transactions" to artificially inflate Visa's market share. The made-for-litigation nature of this

---

[3] Lisa Kimball, *Finicity Pay for Faster Payments, Instant Account Verification, Less Fraud*, Finicity (November 24, 2020), https://www.finicity.com/finicity-pay-instant-account-verification/.

market is patently evident upon examination of the transactions purportedly included in the market and transactions Plaintiff has excluded.  The purported market *excludes* credit cards, which are functionally interchangeable with debit for online transactions, but it *includes*  PBB platforms— which Plaintiff admits do not yet exist in the United States.  Plaintiff merely assumes that if PBB platforms do take hold in this country they will be sufficiently interchangeable with debit to constrain debit pricing.  Plaintiff *excludes* online transactions effected directly using ACH, but, contradictorily, *includes* PBB platforms that use ACH for clearing and settlement.  This highly-engineered, outcome-driven product market definition is facially defective and is on its own fatal to Plaintiff's case.

*Second*, Plaintiff puts forward the dubious assertion that Visa is a monopolist in this contrived market.  The Supreme Court has made clear that high market shares alone are not sufficient to find monopoly power, which it has defined as the unilateral ability to control prices and exclude competition.  Plaintiff asks this Court to find that Mastercard, whose market capitalization ranks in the Top 15 of U.S. companies and processed more than $3 *trillion* in total debit transactions worldwide last year, is a fringe competitor with no meaningful ability to act as a check on Visa.  Nothing could be further from the truth.  In recent years, Mastercard has convinced numerous banks to switch their debit card portfolios from Visa to Mastercard and competition has driven down overall pricing on accounts.  Were Visa to raise the price of debit transactions to market participants, Mastercard would have the ability to significantly expand the number of debit transactions it processes.  These facts are fundamentally inconsistent with any notion that Visa has the unilateral ability to dictate market prices and output.

*Third*, Plaintiff would have this Court believe that Plaid is in the near future poised to create a compelling two-sided payment network capable of competing with Visa—despite Plaid's pipeline products having no consumer awareness or merchant adoption, Plaid having no experience in the payments space, being nowhere close to having the requisite feature set to operate a network (such as chargeback rules, dispute management, and consumer purchase protection), and having no reasonable path to developing all of these necessary features or relationships.  To be clear, Plaid is not a payment processor and its products do not move money.  Plaid's alleged "pay-by-bank" debit

service today consists entirely of research and development products that are principally designed to help Plaid's fintech customers with peer-to-peer and account-to-account use cases. These ideas could be construed as a first attempt at a basic money movement offering designed for Plaid's fintech customers by a data aggregation company with no prior payments experience, but in no universe could they be seen as a potential rival to the established, sophisticated debit networks trusted by consumers and merchants alike.

*Fourth*, Plaintiff alleges that, notwithstanding this vast chasm between Plaid's current capabilities and the debit networks operated by Visa, Mastercard, and others, Plaid is "uniquely positioned" to introduce a PBB debit service in competition with Visa. Such a claim defies common sense in the face of a long list of potential entrants better positioned than Plaid to introduce a competitive PBB debit service. The most obvious entity better positioned to introduce a PBB debit service is Mastercard, which already operates a PBB platform outside the United States, and has explicitly communicated publicly that it intends to use its acquisition of Finicity to accelerate its foray into account-based payments. American Express and the dozen-plus PIN debit networks are also much more likely potential entrants, given that they already operate sophisticated two-sided payment networks. Others with significantly greater payments experience, consumer brand awareness, and/or merchant relationships than Plaid include PayPal, Apple, Google, Stripe, Square, Zelle, and FIS.

*Finally*, Plaintiff summarily dismisses the substantial efficiencies that would be generated by the transaction. The Complaint omits any mention of Visa's plans to integrate payment functionality into Plaid's APIs, creating new and valuable solutions for Plaid's customers, or of Visa's plans to accelerate Plaid's entry into markets outside the United States. Presumably in an effort to undermine these benefits, Plaintiff focuses on "cost dissynergies" that it contends are associated with the transaction—neglecting to explain that these cost dissynergies are, in reality, pro-competitive investments that Visa plans to make for the purpose of enhancing the functionality and security of Plaid's products.

For these reasons, and others described below and to be presented at trial, Plaintiff's claims are entirely without merit.

## SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

### I.   INTRODUCTION[4]

1.   Visa admits that "everywhere you want to be" is Visa's corporate slogan for all of its products, including credit cards, debit cards, and digital payments, and that Visa offers consumers a wide array of payment alternatives.  Visa lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 1, and therefore denies the allegations.

2.   Visa admits that American consumers make purchases online.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 2, and therefore denies the allegations.

3.   Visa admits that American consumers use various payment options, including debit and credit cards, to buy goods and services on the internet. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 3, and therefore denies the allegations.

4.   Paragraph No. 4 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Visa denies the allegations.  Visa admits the second sentence of Paragraph No. 4. To the extent that the allegations in the fourth sentence of Paragraph No. 4 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.  To the extent that the fourth sentence of Paragraph No. 4 purports to quote testimony, Visa respectfully refers the Court to the testimony cited therein in their entirety for a complete and accurate description of their contents. Visa denies the remaining allegations in Paragraph No. 4.

5.   Paragraph No. 5 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Visa denies the allegations. Visa admits its debit products

---

[4] For ease of reference, Visa's Answer replicates the headings in the Complaint.  Although Visa believes no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7

compete against Mastercard products, along with cash, checks, other credit cards, other debit networks, and other payment mechanisms. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 5, and therefore denies the allegations.

6. Denied.

7. Paragraph No. 7 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations. Visa admits Plaid has built an impressive connector business, which is one of the reasons Visa is seeking to acquire Plaid. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 7, and therefore denies the allegations.

8. Visa admits that Plaid does not compete with Visa. Paragraph No. 8 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.  Visa lacks knowledge or information sufficient to form a belief as to the second sentence of Paragraph No. 8, and therefore denies the allegations. To the extent that the allegations in Paragraph No. 8 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.  Visa denies the remaining allegations in Paragraph No. 8.

9. To the extent that the allegations in Paragraph No. 9 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents. To the extent that the fourth sentence of Paragraph No. 9 purports to quote testimony, Visa respectfully refers the Court to the testimony cited therein in its entirety for a complete and accurate description of its contents. Visa denies the remaining allegations in Paragraph No. 9.

10. Visa admits the first sentence of Paragraph No. 10. To the extent that the allegations in Paragraph No. 10 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.  Visa denies the remaining allegations in Paragraph No. 10.

11. To the extent that the allegations in Paragraph No. 11 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents. Visa denies the remaining allegations in Paragraph No. 11.

12. Visa admits that Visa agreed to acquire Plaid for $5.3 billion on January 13, 2020. Paragraph No. 12 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies that Visa's decision to buy Plaid was motivated by a desire to eliminate purported risks alleged in the Complaint; rather Visa agreed to acquire Plaid to diversify and grow its business. To the extent that the allegations in Paragraph No. 12 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents. Visa denies the remaining allegations in Paragraph No. 12.

13. Paragraph No. 13 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

14. Paragraph No. 14 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

## II.     JURISDICTION

15. The allegations in Paragraph No. 15 are legal conclusions and therefore do not require a response. However, Visa does not contest that the Court has subject-matter jurisdiction over this dispute and on that basis admits that the Court has jurisdiction in this matter, but denies that Visa's acquisition of Plaid violates Section 2 of the Sherman Act or Section 7 of the Clayton Act.

16. The allegations in the first and third sentences sentence of Paragraph No. 16 are legal conclusions and therefore do not require a response. Visa does not contest that the Court has jurisdiction in this matter. Visa lacks knowledge or information sufficient to form a belief as to what constitutes "online debit services" or "data aggregation services" and on that basis denies the allegations in the second sentence of Paragraph No. 16.

17.  The allegation in the first sentence of Paragraph No. 17 is a legal conclusion and therefore does not require a response.  However, Visa does not contest that the Court has personal jurisdiction as to Visa and on that basis admits the allegations in the first sentence of Paragraph No. 17 to the extent they are directed at Visa.  Visa admits that Visa transacts business within this District.  Visa lacks knowledge or information sufficient to form a belief as to what constitutes "online debit transactions" or "data aggregation services" and on that basis denies the allegations in the second sentence of Paragraph No. 17.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 17, and therefore denies the allegations.

### III.   VENUE

18.  The allegations in Paragraph No. 18 are legal conclusions and therefore do not require a response.  However, Visa does not contest that venue is proper in this district and on that basis admits the allegations in Paragraph No. 18 to the extent they are directed to Visa.  Visa admits the allegations in the second sentence of Paragraph No. 18 to the extent they are directed to Visa.  Visa otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 18, and therefore denies the allegations.

### IV.   INTRADISTRICT ASSIGNMENT

19.  The allegations in Paragraph No. 19 are legal conclusions and therefore do not require a response.  However, Visa does not contest that assignment to the San Francisco Division is proper and on that basis admits that it is headquartered in the San Francisco Bay Area.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 19, and therefore denies the allegations.

### V.   DEFENDANTS AND THE PROPOSED ACQUISITION

20.  Visa admits that it is a Delaware company headquartered in the San Francisco Bay Area in California, and that Visa is a global payments company.  Visa lacks knowledge or information sufficient to form a belief as to what constitutes the "largest" debit network in the United States, and on that basis denies the allegations in the second sentence of Paragraph No. 20.  Visa admits the third and fourth sentences of Paragraph No. 20.

21. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 21 and on that basis denies those allegations.

22. Admitted.

## VI.   BACKGROUND

23. Admitted as to transactions processed through Visa's debit networks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 23 to the extent that they purport to describe other debit networks.

24. Admitted as to transactions processed through Visa's debit networks..  Additionally, Visa admits that its debit transactions are processed in substantially the same way regardless of whether it is initiated online or at the physical point of sale. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 24 to the extent that they purport to describe other debit networks.

### A.   Visa is a Monopolist in Online Debit Services

25. Paragraph No. 25 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations. Visa competes against cash, checks, credit cards, other debit providers, and other payment mechanisms, for transactions made on the internet.

26. Paragraph No. 26 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 26, and therefore denies the allegations.

27. Paragraph No. 27 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

28. Denied.

29. Visa admits that consumers do not pay Visa directly to use the Visa network. Visa denies the remaining allegations in Paragraph No. 29.

30. Visa admits that Congress enacted the Durbin Amendment of the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010).   To

the extent that the allegations in Paragraph No. 30  purport to quote the Durbin Amendment, Visa respectfully refers the Court to the amendment in its entirety for a complete and accurate description of its contents. Visa respectfully refers the Court to the full amendment for a complete understanding of its contents. The remaining allegations in Paragraph No. 30 contain legal conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

31. Visa admits that the Durbin Amendment regulates only interchange fees.  The final sentence in Paragraph No. 31 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations. Visa denies the remaining allegations in Paragraph No. 31.

32. Visa admits that the Durbin Amendment requires Visa and Mastercard debit cards to be enabled with at least one other unaffiliated debit network, such as a so-called "PIN" debit network.  Visa admits that Accel, Star, NYCE, and Pulse are competing debit networks.  The remaining allegations in Paragraph No. 32 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

**B.      Pay-by-Bank is a New Form of Online Debit Service that Threatens Visa's Monopoly**

33. Visa denies the allegations in the first sentence of Paragraph No. 33.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 33, and therefore denies the allegations.

34. Visa admits that pay-by-bank debit services are used in other countries, but not within the United States. Visa admits that pay-by-bank debit services could utilize Automated Clearing House.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 34, and therefore denies the allegations.

35. Visa admits the first sentence in Paragraph No. 35.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 35, and therefore denies the allegations.  The second sentence of Paragraph No. 35 contains legal

arguments to which no response is required. To the extent a response is required, Visa denies the allegations.

36.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 36, and therefore denies the allegations.

**C.    Plaid is Uniquely Situated to Challenge Visa**

37.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 37, and therefore denies the allegations.

38.   Paragraph No. 38 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 38, and therefore denies the allegations.

39.   Visa admits Plaid has built an impressive connector business, which is one of the reasons Visa is seeking to acquire Plaid.  To the extent that the allegations in Paragraph No. 39 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 39.  To the extent a response is required, Visa denies the allegations.

40.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 40, and therefore denies the allegations. To the extent that the allegations in Paragraph No. 40 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

41.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 41, and therefore denies the allegations.

**D.      Visa Intends to Buy Plaid to Extinguish this Threat and Protect its U.S. Online Debit Monopoly**

42.   Visa admits the first sentence of Paragraph No. 42.  Visa denies the remaining allegations in Paragraph No. 42.

43.   Visa admits that it conducted due diligence into Plaid.   To the extent that the allegations in Paragraph No. 43 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.  Further, the allegations in Paragraph No. 43 contain legal arguments and conclusions to which no response is required.   To the extent a response is required, Visa denies the remaining allegations in Paragraph No. 43.

44.   Visa admits that executives from both firms met in November 2019.  To the extent that the allegations in Paragraph No. 44 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

**E.      Visa Has a History of Impeding Entry and Expansion into Online Debit Services**

45.   Paragraph No. 45 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

46.   Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph No. 46, and therefore denies the same.  To the extent that the allegations in Paragraph No. 46 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents. To the extent that the third sentence of Paragraph No. 46 purports to quote testimony, Visa respectfully refers the Court to the testimony cited therein in their entirety for a complete and accurate description of their contents. Visa denies the remaining allegations in Paragraph No. 46.

47.   To the extent that the allegations in Paragraph No. 47 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their

entirety for a complete and accurate description of their contents.  Visa denies the remaining allegations.

48. To the extent that the allegations in Paragraph No. 48 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.  Visa denies the remaining allegations.

49. Denied.

50. Paragraph No. 50 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Visa denies the allegations.

## VII.   RELEVANT MARKET

### A.   Product Market

51. The allegations in Paragraph No. 51 contain legal conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 51.  Visa denies the allegations in the final sentence of Paragraph No. 51, as Plaid does not provide an alternative mechanism to facilitate payments between consumers and merchants and will not be able to do so in any reasonable time frame.

52. The allegations in Paragraph No. 52 contain legal conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 52.

53. The allegations in Paragraph No. 53 contain legal conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 53.

54. The allegations in Paragraph No. 54 contain legal conclusions and therefore a response is not required.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 54.

55. The allegations in Paragraph No. 55 contain legal arguments and conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 55.

56.   The allegations in Paragraph No. 56 contain legal arguments and conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 56.

57.   The allegations in Paragraph No. 57 contain legal arguments and conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 57.

58.   The allegations in Paragraph No. 58 contain legal arguments and conclusions and therefore do not require a response.  To the extent that a response is required, Visa denies the allegations in Paragraph No. 58.

**B.      Geographic Market**

59.   Paragraph No. 59 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

**VIII.   ANTICOMPETITIVE EFFECTS**

60.   Paragraph No. 60 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

**A.      Visa's Proposed Acquisition of Plaid Would Result in Higher Prices for Online Debit Transactions**

61.   Denied.

62.   Denied.

63.   Denied.  To the extent that the allegations in the fourth sentence of Paragraph No. 63 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

64.   Denied.

65.   Paragraph No. 65 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

**B.     Visa's Proposed Acquisition of Plaid Would Result in Less Innovation**

66.   Denied.  To the extent that the allegations in the second sentence of Paragraph No. 66 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

67.   Visa denies the allegations in the first two sentences of Paragraph No. 67 as they pertain to Visa.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 67, and therefore denies the allegations. To the extent that the allegations in the second sentence of Paragraph No. 67 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

**C.     Visa's Proposed Acquisition of Plaid Would Raise Entry Barriers**

68.   Paragraph No. 68 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

69.   Paragraph No. 69 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

70.   Denied.  To the extent that the allegations in the fourth sentence of Paragraph No. 70 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

71.   Denied.  To the extent that the allegations in the fourth sentence of Paragraph No. 71 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their entirety for a complete and accurate description of their contents.

72.   Denied.

73.   Paragraph No. 73 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

**LACK OF COUNTERVAILING FACTORS**

74.   Visa admits that the proposed acquisition would generate synergies.  To the extent that the allegations in the second sentence of Paragraph No. 74 purport to quote documents and/or statements, Visa respectfully refers the Court to those documents and/or statements in their

entirety for a complete and accurate description of their contents.  Visa denies the remaining allegations in Paragraph No. 74.

75.  Paragraph No. 75 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

## VIOLATIONS ALLEGED

76.  Paragraph No. 76 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

77.  Paragraph No. 77 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

78.  Paragraph No. 78 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Visa denies the allegations.

## REQUEST FOR RELIEF

79.  The allegations in Paragraph No. 79 are requests for relief to which no response is required. To the extent that a response is required, Visa denies these allegations and requests that Visa be awarded the costs incurred in defending this action, and any and all other relief as the Court may deem just and proper.

## DEFENSES

Visa reserves the right to assert and rely upon any defenses that may become available or known to Visa throughout the course of this action, and to amend, or seek to amend, its answer or defenses.

1  DATED: November 27, 2020

2

3                                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

4

5                              By: _____/s/ Jack DiCanio_____
                                      Jack P. DiCanio (SBN 138782)
6                                     Jack.DiCanio@Skadden.com
                                      SKADDEN, ARPS, SLATE,
7                                        MEAGHER & FLOM LLP
                                      525 University Avenue, Suite 1400
8                                     Palo Alto, California 94301
                                      Telephone: (650) 470-4500
9                                     Facsimile: (650) 470-4570

10                                    Steven C. Sunshine  (*pro hac vice*)
                                      Steven.Sunshine@Skadden.com
11                                    Tara L Reinhart (*pro hac vice*)
                                      Tara.Reinhart@Skadden.com
12                                    Julia K. York (*pro hac vice*)
                                      Julia.York@Skadden.com
13                                    Joseph Ciani-Dausch (*pro hac vice*)
                                      Joseph.Ciani-Dausch@skadden.com
14                                    SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
15                                    1440 New York Ave., N.W.
                                      Washington, D.C. 20005
16                                    Telephone: (202) 371-7000
                                      Facsimile: (202) 393-5760

17                                    Karen Hoffman Lent (*pro hac vice*)
18                                    Karen.Lent@Skadden.com
                                      SKADDEN, ARPS, SLATE,
19                                       MEAGHER & FLOM LLP
                                      One Manhattan West
20                                    New York, NY 10001-8602
                                      Telephone: (212) 735-3000
21                                    Facsimile: (212) 735-2000

22                                    *Counsel for Defendant Visa, Inc.*

23

24

25

26

27

28