JOHN R. READ (DC Bar #419373)
john.read@usdoj.gov
MEAGAN BELLSHAW (CA Bar #257875)
meagan.bellshaw@usdoj.gov
CORY BRADER LEUCHTEN (NY Bar # 5118732)
cory.leuchten@usdoj.gov
SARAH H. LICHT (DC Bar #1021541)
sarah.licht@usdoj.gov
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 598-2307
Facsimile: (202) 514-7308

*Attorneys for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*<br>v.<br><br>VISA INC. AND PLAID INC.,<br><br>*Defendants*. | Case No.: 4:20-cv-07810-JSW<br><br>**DECLARATION OF PATRICIA BRINK**<br><br>Judge: Hon. Jeffrey S. White |

I, Patricia Brink, hereby declare as follows:

A. I am the Director of Professional Development and Counsel to the Assistant Attorney General at the Antitrust Division of the U.S. Department of Justice. In my 30 years at the Antitrust Division, I have served in various positions, including as the Director of Civil Enforcement from 2010 to 2019.

B. I have personal knowledge of the facts set forth in this declaration, and, if called to testify, could and would do so under oath.

C. On October 7, 2020, I was designated to act as a "filter attorney" to review claims of inadvertent production of privileged documents in the Antitrust Division's investigation of the proposed merger of Visa Inc. and Plaid Inc. (the "Transaction"). Under the Hart-Scott-Rodino Act of 1976 (the "HSR Act"), the Antitrust Division may issue a Request for Additional Information and Documentary Materials to the parties of a merger notified to the agency under the HSR Act ("Second Request"). That document request calls for internal party documents and data necessary for the Antitrust Division to investigate the likely competitive effects of a proposed merger. The Division issued a Second Request to Visa on March 27, 2020 in connection with its investigation into the Transaction. Visa certified compliance with the Second Request on August 5, 2020.

D. Upon a claim of inadvertent production, the Division's practice is to return, sequester, or destroy the potentially privileged documents and may choose to appoint a filter attorney to review sequestered documents and engage with the submitting party on the privilege claims. The filter attorney's work is entirely separate from the investigation and investigative staff.

E. Most, if not all, of Visa's disputed privilege claims relate to documents concerning the retention by Visa's counsel Arnold and Porter of Bain & Company ("Bain"). As described in the September 10, 2020 letter from Visa's counsel to Cory Brader Leuchten of the Antitrust Division's investigative staff, the scope of Bain's consultation was "in connection with ongoing litigation at which issues of business strategy would be relevant to Visa's potential

-1-

defenses."

F. In a deposition of Visa's CEO on October 2, 2020, investigative staff marked as an exhibit a document that discussed the project on which Bain was retained and changes to Visa's business decisions that came out of that project. The CEO testified to the business rationale for the project, explained that the reason Visa ran the Bain project through outside counsel was to keep such decisions confidential, and admitted that the project was not related to any litigation.

G. On October 2, 2020, Visa sought to "claw back" that exhibit and other documents Visa had produced related to the project. Visa submitted further "claw back" notices on October 9 and October 28 for additional documents related to the project. After I was designated the filter attorney on October 7, 2020, I reviewed the sequestered documents and researched applicable law in order to reach a determination as to whether the documents Visa sought to claw back, all of which relate to the project for which Bain was retained, were privileged. Visa had argued in their September 10 letter to Ms. Leuchten that Bain project documents were privileged because Bain was allegedly acting as an agent of counsel in order to facilitate the provision of legal advice. Visa's counsel cited *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961) and subsequent case law interpreting *Kovel*.

H. On a telephone call on October 22, 2020, I informed counsel for Visa that it was my judgment that the documents at issue were not privileged. In a follow-up letter on October 27, 2020, I wrote that, based upon my review of the documents and the applicable case law, a court would be unlikely to find that Bain's role was that of an agent to counsel such that documents relating to that project would be privileged, under *Kovel* or otherwise. My review of the documents "clawed back" failed to find Bain's consultation related to any legal advice provided to Visa. Rather, the documents involved strategic business issues and did not appear to be communications made to facilitate legal advice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 11, 2020, in Washington, D.C.

*Patricia Brink*

PATRICIA BRINK
CA Bar #144499
Director of Professional Development and Counsel to the Assistant Attorney General at the Antitrust Division,
U.S. Department of Justice

-3-