JOHN R. READ (DC Bar #419373)
john.read@usdoj.gov
MEAGAN BELLSHAW (CA Bar #257875)
meagan.bellshaw@usdoj.gov
CORY BRADER LEUCHTEN (NY Bar # 5118732)
cory.leuchten@usdoj.gov
SARAH H. LICHT (DC Bar #1021541)
sarah.licht@usdoj.gov
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 598-2307
Facsimile: (202) 514-7308

*Attorneys for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*<br>v.<br><br>VISA INC. AND PLAID INC.,<br><br>*Defendants*. | Case No.: 4:20-cv-07810-JSW<br><br>**DECLARATION OF CORY BRADER LEUCHTEN**<br><br>Judge: Hon. Jeffrey S. White |

I, Cory Brader Leuchten, hereby declare as follows:

A. I am an attorney employed by the Antitrust Division of the U.S. Department of Justice, counsel to Plaintiff United States. I make this declaration of personal, firsthand knowledge and could and would testify competently hereto.

B. Visa Inc. ("Visa") and Plaid Inc. ("Plaid") notified the United States about their proposed merger and filed paperwork under the Hart-Scott-Rodino Act ("HSR") on January 24, 2020, triggering a thirty-day waiting period during which the United States would review their transaction to identify potential antitrust concerns. On February 24, Visa pulled its initial HSR filing and, on February 26, 2020, Visa refiled it, extending the waiting period for an additional thirty days.

C. On March 27, 2020, the United States issued Visa and Plaid a Request for Additional Information and Documents (the "Second Request") pursuant to its authority under Section 7(A)(e) of the Clayton Act. Among other things, the Second Request required Visa to produce certain non-privileged materials—including documents and data—designed to inform the United States' enforcement recommendation on whether the proposed acquisition would violate the antitrust laws.

D. On May 15, 2020, after several weeks of active negotiations through which all parties made concessions, Visa, Plaid, and the United States entered into an omnibus agreement governing the scope of materials that Visa and Plaid would provide pursuant to Second Request and the timing by which Visa and Plaid would provide them (the "Timing Agreement").[1]

E. The Timing Agreement contemplated Visa concluding its obligations under the Second Request on June 30, 2020—approximately three months (96 days) after issuance of the Second Request—so long as Visa met specified deadlines for the production of non-privileged documents and data. Visa failed to meet those deadlines, thus extending the investigation.

F. The United States granted accommodations limiting the scope of Visa's collection and production obligations in light of the ongoing COVID-19 pandemic, including limiting document collection to particular custodians and time periods, limiting the production of

---

[1] Exhibit A to Bellshaw Decl. Dkt. 043-1.

responsive text messages to select custodians, permitting Visa to not produce responsive hard copy files, and other targeted modifications intended to reduce Visa's burden.

G. On or around July 1, 2020, Visa informed the Division of its intent to delay its certification of compliance with the Second Request until July 17, 2020. Upon review of Visa's production history, however, the United States determined that Visa had missed 13 interim deadlines agreed to in the Timing Agreement, thereby further delaying Visa's certification date.

H. Visa ultimately completed its obligations and complied with the Second Request on August 5, 2020, nearly 36 days after Visa's initial goal of June 30, 2020.

I. The Timing Agreement also established mutual obligations relating to the scheduling of executive depositions. Section III(A) of the Timing Agreement required the United States to identify deponents 14 days after Visa certified compliance with the Second Request. The United States identified its list of deponents on August 11, 2020, nine days before the deadline, and agreed that Visa's executives could appear by video conference from their remote locations due to the ongoing COVID-19 pandemic. Visa did not propose dates for those depositions until August 20, 2020. Visa did not make the final executive available for a deposition until October 20, 2020, 71 days after the United States identified its initial list of executives.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on the 11th day of December, 2020 in Washington, DC.

Cory Brader Leuchten
Trial Attorney
Department of Justice
Antitrust Division