**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff*

v.

VISA INC. and PLAID INC.,

*Defendants.*

Case No.: 4:20-cv-07810-JSW

**JOINT STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER**

Date: December 18, 2020
Time: 11 a.m.
Judge: Hon. Jeffrey S. White

Plaintiff United States of America and Defendants Visa, Inc. and Plaid Inc. hereby submit this JOINT STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER. As set forth in the concurrently filed Joint Case Management Statement, the parties respectfully request that the Court adopt the non-disputed provisions of this Joint Stipulation and [Proposed] Order as the Case Management Order in this case and, as to disputed provisions (indicated herein in italics), request that the Court resolve the disputes.

**IV. MOTIONS**

**B. Investigative File Dispute [DISPUTED]**

**1. Plaintiff's Position**

*The United States will produce documents in its investigative file that are responsive to Defendants' First Request for Production of Documents to Plaintiff United States, dated December 1, 2020, in accordance with the protective order entered by the Court (Dkt. 49) and the time for issuing, objecting and responding to discovery set forth in this Order.*

**2. Visa's Position**

*Plaintiff will produce its investigative file to Defendants immediately.*

**C. Privilege Dispute [DISPUTED]**

**1. Plaintiff's Position**

*As part of its pre-complaint Investigation, the United States served Visa with compulsory process. In response, Visa withheld certain responsive documents related to work performed by a third-party consultant, Bain & Company, concerning Visa's pricing strategy and competition in the markets alleged in the Complaint on the grounds of work product and attorney-client privilege. The United States disagrees that these documents are privileged or subject to work-product protection, and also believes that any privileges have been waived. The United States served its First Request for Production of Documents on Defendant Visa in this litigation seeking production of these documents on December 3, 2020. This issue is ripe for adjudication. The United States may file a motion to compel production of these documents without waiting for the time for Visa to respond or object to the document request to pass and without undertaking a new meet-and-confer process. Any motion brought by the United States on this subject will briefed pursuant to the following expedited schedule and page limits: initial brief (15 pages), five days for opposition (15 pages), and two days for reply (10 pages). The United States intends expeditiously to file a motion to compel production of these documents.*

**2. Visa's Position**

*Visa maintains that the documents sought are protected by the attorney-client privilege and/or work product protections and therefore were properly withheld. Although the United*

*States only recently served Visa a request for discovery in this litigation, Visa does not object to resolution of this dispute on an expedited basis. Visa suggests the following schedule for resolution of this dispute: Visa will respond to the discovery request on an expedited basis, then meet and confer with the United States within 3 business days, after which the United States may file its initial brief. The United States' initial brief is limited to five pages; Visa's opposition brief is due five days after the opening brief and is limited to five pages; and no reply brief is permitted.*

**VI. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evidence in this action. The parties agree that the following categories of ESI need not be preserved:

(1) documents sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of such counsel) or solely between counsel of the United States (or persons employed by the United States Department of Justice);

(2) voicemail messages, except in the case where they are contained within the Parties' or Division's e-mail systems;

(3) e-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., iPhone), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere for potential production in discovery;

(4) other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

(5) temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located; and

(6) server, system, or network logs.

## VII. DISCLOSURES

Defendants served initial disclosures under the Federal Rules of Civil Procedure 26(a)(1) on November 27, 2020. The United States will serve initial disclosures on December 17, 2020, fourteen days after the Parties' Rule 26(f) Conference, as required by Rule 26(a)(1)(C). Visa shall supplement its initial disclosures to identify third parties no later than three days after receipt of DOJ's Investigative File.

## VIII. DISCOVERY

### B. Production of Documents and ESI

The Parties shall produce all documents and Electronically Stored Information (ESI) in accordance with the Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties. Should either party issue any document subpoena on non-parties, the instructions in that subpoena shall conform with the above instructions on ESI.

### C. Proposed Discovery Plan

The Parties have met and conferred regarding a proposed discovery plan and agree on the following:

#### 1. Definitions

For purposes of this Order, "Party" means the Antitrust Division of the U.S. Department of Justice, Defendant Visa Inc, or Defendant Plaid Inc.

#### 2. Discovery of Confidential Information

Discovery and production of confidential information will be governed by the Protective Order entered by the Court in this action. When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

#### 3. Timely Service of Fact Discovery and Supplemental Discovery

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery. For purposes of this Order, "Supplemental Discovery" means

document and deposition discovery, including discovery served on non-parties, related to any person identified on a side's final trial witness list who was not identified on that side's preliminary trial witness list (including document and deposition discovery related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 3 days of exchanging the final trial witness lists.

**4. Subpoenas**

A Party may serve a subpoena of the type described in Federal Rule of Civil Procedure 45(a)(4) upon serving the other Parties a notice and a copy of the subpoena. The Parties agree to accept electronic service (by email) of a notice and copy of the subpoena.

**5. Written Discovery on Parties**

**a. Document Requests**

There is no pre-determined limit on the number of requests for the production of documents that may be served by the Parties, but any requests must be proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served. Within 2 business days of service of any objections, the Parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched. Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin no later than 21 days after service of the request for production. The Parties must make good-faith efforts to complete responsive productions no later than 28 days after service of the request for production, except for documents reasonably withheld for privilege but later determined not to be privileged which will be produced 30 days after the service of the request for production, and responsive productions must be completed no later than 14 days after resolution of objections and custodian issues. Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within 3 business days after the requests are served; (ii) make responsive

productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; (iii) begin such productions no later than 7 days after the requests are served; and (iv) complete such productions no later than 7 days after resolution of objections and custodian issues.

**b. Data Requests**

In response to any requests for data or data compilations, the Parties will meet and confer in good faith regarding the requests. Throughout the meet-and-confer process, the Parties will work in good faith to complete production of data or data compilations no later than 28 days after service of the requests for production.

**c. Interrogatories**

Interrogatories are limited to 10 (including discrete subparts) by the United States to each Defendant and to 10 (including discrete subparts) by Defendants collectively to the United States. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 2 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

**d. Requests for Admission**

Requests for admission are limited to 5 by the United States to each Defendant and to 5 by Defendants collectively to the United States. Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the Parties must attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the Parties must respond in writing to requests for admissions within 21 days after service.

**e. Internal Memoranda**

The Parties agree that neither the Defendants nor the United States must preserve or produce in discovery internal memoranda that were not directly or indirectly furnished to any non-Party authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States Department of Justice). The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with Section VIII(C)(13).

**6. Written Discovery on Non-Parties**

Each party must serve a copy of any discovery request to a non-party on the other side at the same time as the discovery request is served on the non-party. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other side copies of all productions at the same time as they are produced to the requesting party. Each party requesting the discovery shall also provide to the other side copies of all written correspondence with the non-party concerning the non-party's response to or compliance with the discovery request (including any extensions, postponements or modifications) within 48 hours of the correspondence. If a non-party fails to provide copies of productions to the other side, the requesting Party shall provide copies to the other Party, in the format the productions were received, within 3 business days after receipt of such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials must produce to the other Parties a copy of such materials with Bates stamps within a timeframe appropriate to the volume and complexity of the materials received.

**7. Depositions**

The United States is limited to 30 depositions of fact witnesses, and the Defendants collectively are limited to 30 depositions of fact witnesses, including depositions taken for the sole purpose of establishing the admissibility of documents produced by any Party or non-party. Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition. The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of any persons identified on a side's preliminary or final trial witness list, if that witness has not already been deposed in this litigation; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location or authenticity of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, or authenticity through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location or authenticity of documents.

Parties will make witnesses available for deposition during fact discovery upon 14 days' notice, but will in good faith use best efforts to schedule depositions within 7 days after receiving notice. During supplemental discovery, Parties will make witnesses available for deposition within 5 days after receiving notice, but will in good faith use best efforts to schedule depositions within 3 days after receiving notice. During supplemental discovery, if a deposition is noticed within 3 days of exchanging the final trial witness lists, Parties must make the witness available for deposition no later than the close of supplemental discovery. In light of the COVID-19 pandemic, Parties will make their employees available for video depositions upon the request of any Party. Parties agree that taking video depositions of third-party witnesses is appropriate.

If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 10 business days after the return date for the document subpoena. In the event that an opposing Party serves a separate subpoena on the same non-party and causes the date of production for that second document subpoena to result in fewer than 3 business days between that production date and the date scheduled for that non-party's deposition, the originally noticing Party may at its sole discretion postpone the date scheduled for the deposition for up to 3 business days following the second production date.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-party depositions, the non-noticing side will receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides. Any time allotted to one side not used by that side in a non-party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. Notwithstanding any other provisions in this paragraph, if the United States notices the deposition of a non-party (including an employee of a non-party) to or with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) to attempt to address the United States' concerns about the Planned Transaction, then the United States will receive 7 hours of examination time for the deposition. Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition. Depositions taken of Party witnesses pursuant to Civil

Investigative Demands will be deemed depositions taken pursuant to the Federal Rules of Civil Procedure for the purposes of use at trial and subject to the same treatment under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Depositions taken of non-Party witnesses pursuant to Civil Investigative Demands may not be used at trial except for impeachment subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**8. Discovery from Agencies Within the Executive Branch**

Defendants may not seek discovery from any agency within the executive branch of the federal government (including any employee of any such agency), other than the Department of Justice and the Consumer Financial Protection Bureau ("CFPB"). From entry of this Order until the conclusion of trial, Defendants may not submit requests under the Freedom of Information Act to any agency within the executive branch of the federal government other than the Department of Justice and CFPB for the purpose of assisting the defense of this litigation and may not take any steps to obtain responses to previously submitted requests for the purpose of assisting the defense of this litigation.

**9. Evidence from a Foreign Country [DISPUTED]**

**a. Plaintiff's Position**

*Before either side may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition testimony.*

**b. Defendants' Position.**

*Before either side may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain deposition discovery. Neither side will use an inability to obtain discovery compliant with the Federal Rules of Civil Procedure as a reason to object to the introduction of evidence from an entity or person located in a foreign country. The Parties agree that either side may offer into evidence documents obtained from an entity or*

*person located in a foreign country through informal document discovery, if the informal discovery is reciprocal.*

**10. Privilege Logs**

The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice); (3) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice) and counsel for any state (or persons employed by any the office of the attorney general of any state); (4) documents or communications sent solely between outside counsel for either Defendant and inside counsel for either or both Defendants; (5) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice); (6) privileged draft contracts; (7) draft regulatory filings; (8) non-responsive, privileged documents attached to responsive documents; and (9) privileged documents or communications solely about this litigation sent on or after November 5, 2020 (the date the Complaint was filed) (a) between outside or inside counsel for the Defendants (or persons employed by or acting on behalf of such counsel) and either or both Defendants; and (b) between outside or inside counsel for a Defendant and employees of that Defendant. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the Parties will insert a placeholder to indicate a document has been withheld from that family and that document must be logged in the Party's privilege log. Privilege logs will comply with Fed. R. Civ. P. 26(b)(5).

**11. Inadvertent Production of Privileged or Work-Product Documents or Information**

As authorized by Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules ("Produced Privileged Material")

does not waive any claim of privilege, work product, or any other ground for withholding production to which the Party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the Party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the documents or information promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

A Party or Person claiming privilege or other protections for Produced Privileged Material must within three (3) days of learning of the production of such material notify in writing any and all Receiving Parties that received the Produced Privileged Material and provide sufficient information to the Receiving Party regarding the asserted privileges, in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, if a Receiving Party discovers a document that it believes to be Produced Privileged Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Produced Privileged Material. No Receiving Party will be found in violation of this Order for failing to recognize Produced Privileged Material.

After discovering or being notified of Produced Privileged Material, any Receiving Party may not use or disclose the inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five (5) calendar days of discovering or being notified of Produced Privileged Material, any Receiving Party must return, sequester, or destroy the specified material and any copies. The Designating Party must retain a copy of the material until the resolution or termination of

this Action. A Party may move the Court for an order compelling production of the material and present the information to the Court under seal for a determination of the claim. Any submission of privileged material for *in camera* review shall not constitute a waiver of any applicable material.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform that Party or Person that produced the materials of such occurrence.

This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (i.e., that the benefit of the discovery is not as great as the cost of said discovery including review).

**12. Presumptions of Authenticity**

Documents produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

**13. Expert Witness Disclosures and Depositions.**

Expert disclosures, including each side's expert reports, must be conducted in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

(a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

(A) the expert and any persons assisting the expert;

(B) any Party's counsel and its expert(s), or between any agent or employee of Party's counsel and the Party's expert(s);

(C) testifying and non-testifying experts;

(D) non-testifying experts; or

(E) testifying experts;

(ii) expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iii) drafts of expert reports, affidavits, or declarations; and

(iv) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b) The Parties agree that the following materials will be disclosed at the same time that each final expert report is served:

(i) A list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

(ii) copies of all materials relied upon by the expert in forming any opinions in his or her report that were not previously produced and that are not readily available publicly;

(iii) a list of all publications authored by the expert in the previous 10 years;

(iv) copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v) a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi) for all calculations appearing in the final report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph 13(b) for all of that side's experts.

## XVII. SCHEDULING

### A. Proposed Schedule [DISPUTED]

The Parties propose the following schedules:

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Fact discovery begins | On the Court's entry of the proposed Case Management Order | December 3, 2020 (the date of the final meet and confer on Rule 26(f) issues) |
| Answers to Complaint due | N/A | November 27, 2020 |
| The United States serves Rule 26(a)(1) Initial Disclosures | December 17, 2020 | December 17, 2020 |
| Defendant Visa to supplement Rule 26(a)(1) Initial Disclosures | 3 days after receipt of Plaintiffs' Investigative File | 3 days after receipt of Plaintiffs' Investigative File |
| Parties exchange preliminary trial witness lists | January 29, 2020 | December 28, 2020 |
| Parties exchange final trial witness lists | April 9, 2021 | January 26, 2021 |
| Close of fact discovery | April 30, 2021 | January 29, 2021 |
| Close of Supplemental Discovery | May 14, 2021 | February 5, 2021 |
| Parties serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions | May 21, 2021 | February 8, 2021 |

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Parties serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another Party under Rule 26(a)(2)(B) | June 17, 2021 | February 19, 2021 |
| Parties exchange exhibit lists and, opening deposition designations, and all interrogatories and requests for admission a Party intends to use in its case-in-chief. | July 1, 2021 | February 26, 2021 |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party. | July 9, 2021 | February 26, 2021 |
| Parties serve supplemental/rebuttal expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another Party under Rule 26(a)(2)(D)(ii) | July 15, 2021 | February 26, 2021 |
| Each side exchanges its objections to the other side's exhibits, interrogatories, requests for admission, and opening deposition designations and its deposition counter-designations | July 16, 2021 | March 5, 2021 |

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and deposition designations included on the parties' exhibit lists, explain the basis for any such objections, and propose redactions where possible | July 23, 2021 | March 5, 2021 |
| Close of expert discovery | July 28, 2021 | March 19, 2021 |
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | July 30, 2021 | March 26, 2021 |
| Parties meet and confer regarding admissibility of trial exhibits, interrogatories, requests for admission, and deposition designations | July 30, 2021 | March 26, 2021 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists | July 30, 2021 | March 26, 2021 |
| Motions *in limine* to be exchanged | July 30, 2021 | March 20, 2021 |
| Oppositions to motions *in limine* to be exchanged | August 10, 2021 | March 30, 2021 |
| *Motions in limine* and oppositions to be filed | August 16, 2021 | April 5, 2021 |
| Joint submission regarding disputes about admissibility of trial exhibits, deposition designations, interrogatories and requests for admission | August 16, 2021 | April 5, 2021 |

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Joint submission regarding disputes about confidentiality of Party documents on trial exhibit lists to be filed | August 16, 2021 | April 5, 2021 |
| Joint submissions regarding disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed | August 16, 2021 | April 5, 2021 |
| Joint Proposed Final Conference Order to be filed | August 16, 2021 | April 5, 2021 |
| Proposed Findings of Fact and Conclusions of Law to be filed | August 16, 2021 | April 5, 2021 |
| Pretrial briefs to be filed | August 16, 2021 | April 5, 2021 |
| Final pretrial conference | August 30, 2021, or at the Court's convenience thereafter | April 19 , 2021 (or as soon thereafter as the Court's schedule permits) |
| Parties submit copies of final trial exhibits to Court | September 2, 2021 | April 23, 2021 |
| Trial begins | September 7, 2021, or at the Court's convenience thereafter | April 26, 2021 (or as soon thereafter as the Court's schedule permits) |

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Post-trial briefs to be filed | 7 business days after trial concludes | 7 business days after the conclusion of trial |

**B. Witness Lists.**

The United States is limited to 30 persons on its preliminary trial witness list, and the Defendants collectively are limited to 30 persons on their preliminary trial witness list. The preliminary witness lists must include fact witnesses, and must provide the address, telephone number, and email address of each witness. The final witness lists must also include expert witnesses. The United States is limited to 25 persons on its final trial witness list, and the Defendants collectively are limited to 25 persons on their final trial witness list.

Each side's final trial witness list may identify no more than 5 witnesses that were not identified on that side's preliminary trial witness list. Despite the limitation on the number of depositions that each side may take, each side shall have the right to depose any witness on the opposing side's preliminary or final witness list if that witness has not already been deposed in this litigation, even if the limitation on depositions is exceeded. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), include both fact and expert witnesses, and must include a brief summary of the subjects about which any expert witnesses will testify.

In preparing preliminary trial witness lists and final trial witness lists, the Parties must make good-faith attempts to identify the witnesses (including expert witnesses) whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may offer into evidence at trial any portion of a person's deposition testimony unless that

person was identified on that Party's final trial witness list. No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless that person was identified on that Party's final trial witness list.

**C. Demonstrative Exhibits.**

The Parties must serve demonstrative exhibits on all counsel of record at least 24 hours before any such exhibit may be introduced (or otherwise used) at trial, except that (a) demonstrative exhibits to be introduced (or otherwise used) in connection with the rebuttal testimony of an expert witness for Plaintiff may be served fewer than 24 hours before such exhibits may be introduced (or otherwise used) if such rebuttal testimony begins fewer than 48 hours after Defendants rest their case; (b) slides used during closing arguments served less than 24 hours in advance may be introduced (or otherwise used) if closing arguments begin fewer than 48 hours after any rebuttal testimony is concluded. The following demonstratives need not be pre-disclosed to the opposing Party: (a) demonstrative exhibits used in cross examination of any witness; (b) demonstrative exhibits used by the United States in examination of any current or former employee, executive, board member or agent of either Defendant; and (c) demonstrative exhibits created in court during the witness's examination. Demonstrative exhibits representing data must rely only on data that has been produced to the opposing Party by the close of fact discovery or is publicly available.

**D. Evidence Concerning Remedy [DISPUTED]**

***1. Plaintiff's Position***

*Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, will be excluded under Federal Rule of Evidence 403 as*

*unfairly prejudicial to the United States, unless Defendants provide a copy of the agreement, offer, or commitment to the United States forty-five days before the end of fact discovery.*

***2. Defendants' Position***

*Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, may be offered at any time.*

**XXI. OTHER MATTERS**

**A. Completion of Planned Transaction.**

Defendants have agreed that they will not close, consummate, or otherwise complete the Planned Transaction until 12:01 a.m. on the tenth day following the entry of the judgment by the Court, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Planned Transaction" means Visa's planned acquisition of Plaid.

**B. Service of Pleadings and Discovery on Other Parties.**

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

**<u>For Plaintiff United States of America</u>**:
John R. Read (john.read@usdoj.gov)
Cory Brader Leuchten (cory.leuchten@usdoj.gov)
Meagan K. Bellshaw (meagan.bellshaw@usdoj.gov)
Lisa Scanlon (lisa.scanlon@usdoj.gov)
United State Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Tel: (202) 598-2307

**For Defendant Visa Inc.**:
Steven C. Sunshine (steve.sunshine@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel: (202) 371-7000

**For Defendant Plaid Inc.**:
Scott A. Sher (ssher@wsgr.com)
Wilson Sonsini Goodrich & Rosati
1700 K Street NW
Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 5:00 p.m. Pacific Time will be treated as if it was served the following business day.

**C. Nationwide Service of Trial Subpoenas.**

To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

**D. Modification of Scheduling and Case Management Order.**

Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the

schedule for pretrial filings or trial dates. Otherwise, any Party may seek modification of this Order for good cause.

Dated: December 11, 2020

/s/ John R. Read
JOHN R. READ
Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, D.C. 20530
Tel.: (202) 307-0468
Email: john.read@usdoj.gov
*Attorneys for Plaintiff United States*

Dated: December 11, 2020

/s/ Steven C. Sunshine
STEVEN C. SUNSHINE
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel: (202) 371-7000
Email: steve.sunshine@skadden.com
*Attorneys for Defendant Visa Inc.*

Dated: December 11, 2020

/s/ Jonathan M. Jacobson
JONATHAN M. JACOBSON
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 497-7758
Email: jjacobson@wsgr.com
*Attorneys for Defendant Plaid Inc.*

IT SO ORDERED.

Dated: ________________

______________________________
HONORABLE JEFFREY S. WHITE
United States District Judge

**ATTORNEY ATTESTATION**

I, Meagan K. Bellshaw, am the ECF user whose identification and password are being used to file the JOINT STIPULATION AND [PROPOSED] ORDER. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ *Meagan K. Bellshaw*
Meagan K. Bellshaw