Jonathan M. Jacobson, SBN 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

Justina K. Sessions, SBN 270914
Benjamin S. Labow, SBN 229443
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com
Email: blabow@wsgr.com

Scott A. Sher, SBN 190053
Michelle Yost Hale (*pro hac vice*)
Robin S. Crauthers (*pro hac vice*)
Katie R. Glynn, SBN 300524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: ssher@wsgr.com
Email: mhale@wsgr.com
Email: rcrauthers@wsgr.com
Email: kglynn@wsgr.com

*Counsel for Defendant Plaid Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>VISA INC. and PLAID INC.,<br><br>*Defendants*. | CASE NO.: 4:20-cv-07810-JSW<br><br>**DEFENDANT PLAID INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Plaid Inc. ("Plaid") respectfully submits this Motion for Leave to File Under Seal:

a. Limited portions of the Declaration of McKenna Quint in Support of Plaid's Proposed Trial Date ("Quint Declaration"), which is attached as Exhibit C to the Joint Case Management Statement and Discovery Plan; and

b. Limited portions of the Declaration of Pouya Fatemi in Support of Plaid's Proposed Trial Date ("Fatemi Declaration"), which is attached as Exhibit B to the Joint Case Management Statement and Discovery Plan.

This motion is accompanied by the Declaration of Justina Sessions in support of Plaid's Motion to Seal ("Sealing Declaration") and a proposed order in accordance with Civil Local Rules 7-11 and 79-5. Redacted versions of the Fatemi Declaration and Quint Declaration are being filed, pursuant to the Court's Local Rules.

**LEGAL STANDARD**

Civil Local Rule 79-5 allows the Court to seal documents, or portions thereof, if the request is "narrowly tailored" and the party establishes that the information is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Because the instant Motion relates to a non-dispositive filing—exhibits to a Case Management Statement—the "strong presumption in favor of access" does not apply and Plaid must only show "good cause" to file the documents under seal under Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citations omitted).

**ARGUMENT**

As set forth in the attached Sealing Declaration, the Quint Declaration contains sensitive business information relating to Plaid's human resources. Publication of this information could cause Plaid competitive harm, as it would give Plaid's competitors insight into this confidential information. Given the likelihood of harm to Plaid if this information were to be published, good cause exists to keep it under seal. In fact, courts have previously ordered that human resources information be kept under seal. *See, e.g., Barnes v. Hershey Co.*, No. 3:12-cv-01334-CRB, 2015 U.S. Dist. LEXIS 52330, at *10-11 (N.D. Cal. Apr. 21, 2015) (granting a motion to seal a document

that contained "sales and recruitment strategy" because disclosure "would put [the party] at a competitive disadvantage by revealing its internal talent planning" and because "the emails bear only tangentially on the matters at issue in this litigation, such that the public interest in disclosure is minimal"). Plaid has narrowly tailored its request by seeking to redact only the sensitive portions of the Quint Declaration. The remaining portions of the Quint Declaration will be made publicly available, as will the Case Management Statement to which it is attached.

Further, the Fatemi Declaration contains confidential information on Plaid's financial operations. Plaid, a private company, does not make public the sensitive information in the Fatemi Declaration. Publishing this information could cause Plaid competitive harm, as it would provide Plaid's competitors and the marketplace insight into its internal financial operations. Good cause exists to keep this information under seal and to avoid causing harm to Plaid, particularly given the minimal public interest in receiving this information. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 U.S. Dist. LEXIS 54912, at *10 (N.D. Cal. Apr. 24, 2015) (holding that good cause existed to keep "confidential and commercially sensitive information about [the party's] financials, pricing, and marketing strategy, including [the party's] financial forecasts" under seal because "public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances"). As with the Quint Declaration, Plaid seeks only to keep limited portions of the Fatemi Declaration under seal, and will be publicly filing a redacted version of the Fatemi Declaration.

## **CONCLUSION**

For the reasons set forth above and in the Sealing Declaration filed concurrently herewith, Plaid respectfully requests that the Court grant this Motion and order that the unredacted Quint Declaration and Fatemi Declaration be filed under seal.

1 | Dated: December 11, 2020

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Justina Sessions*
Justina K. Sessions

*Counsel for Defendant Plaid Inc.*