UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>VISA INC., et al.,<br><br>        Defendants. | Case No. 20-cv-07810-JSW<br><br>**ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference held on December 18, 20201, the Court issues this scheduling order. The Court appreciates the parties' cooperation in advance of the case management conference, and it reiterates its views that when possible, brevity is to be encouraged and that while nature may abhor a vacuum, the parties and counsel need not fill that void.

IT IS HEREBY ORDERED as follows:

**A.  DATES**

**To the extent not set forth below, the Court ADOPTS the deadlines set forth in "Schedule #2" of the Joint Stipulation re Trial Date at Docket No. 62, which is terminated by this Scheduling Order.**

**If the parties intend to file *Daubert* motions, those motions shall be noticed for a hearing no later than May 12, 2021 at 9:00 a.m.  In addition, to provide the parties with clarity, the Court will not include *Daubert* motions as part of the normal limitations it imposes on motions in limine.**

Trial Date: Monday, June 28, 2021, at 8:00 a.m. (Plaintiff estimates approximately 100 hours - 20 trial days – but Court will determine the final number of trial hours at the pretrial conference)

Pretrial Conference:  Monday, June 7, 2021, at 2:00 p.m.

Last Day to Hear *Daubert* Motions: Friday, May 12, 2021 at 9:00 a.m.

Last Day for Expert Discovery:  May 5, 2021

Last Day for Initial Expert Disclosure:  March 26, 2021

Close of Non-expert Discovery:   March 17, 2021

Last Day to Hear Dispositive Motions:  Friday, March 5, 2021, 9:00 A.M. (this date is based on the parties' proposed deadline for filing dispositive motions and is the first available date more than 35 days after January 8, 2021)

**B.     DISCOVERY**

*All* discovery disputes have been referred to Magistrate Judge Kim, and the parties shall follow her procedures for resolution of discovery disputes.  The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

**C.     ALTERNATIVE DISPUTE RESOLUTION**

The Court will not refer this matter for an ADR procedure.  If either or both parties later wish to participate in an ADR process, they may submit a stipulation or an administrative motion to the Court.

**D.     PROCEDURE FOR AMENDING THIS ORDER**

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause.  A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order.  If the modification sought is an extension of a deadline contained herein, the motion must be brought **one week before the deadline expires**.  A conflict with a court date set after the date of this order does not constitute good cause.  The

parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order. Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: December 18, 2020

_____
JEFFREY S. WHITE
United States District Judge